UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In the Bankruptcy Proceedings for a Chapter 11 Reorganization of

AARON FISCHMAN,

*Debtor,*

YOEL WEISSHAUS,

*Creditor-Plaintiff,*

-against-

JONATHAN A. STEIN, and SHALOM MAIDENBAUM in his individual and official capacity on behalf of CARDIS ENTERPRISES INTERNATIONAL B.V. and CARDIS ENTERPRISES INTERNATIONAL N.V. and CARDIS ENTERPRISES INTERNATIONAL (USA), INC.,

*Creditors-Defendants,*

and

AARON FISCHMAN,

*Debtor-Nominal Defendant.*

Bankruptcy Petition No.: 23-36038-cgm

**COMPLAINT**

---

Plaintiff pleads his case for declaratory relief against Jonathan A. Stein, and Shalom Maidenbaum ("Defendants") in his individual and official capacity on behalf of Cardis Enterprises International B.V. and Cardis Enterprises International N.V. and cardis enterprises international (USA), Inc. and states:

## **Parties**

1.      Plaintiff is a creditor of Aaron Fischman, the Debtor ("Debtor"), with an unsecured claim of $64,515.

2.      At all relevant times, the Debtor is domiciled in Sullivan County.

3.     At all relevant times, Cardis Enterprises International B.V. and Cardis Enterprises International N.V. were located in the Netherlands, Canada, and Israel ("Cardis").

4.     At all relevant times, Cardis Enterprises International (USA), INC. ("Cardis USA") was addressed in Nassau County, a corporation created by Defendant Maidenbaum and by Defendant Stein, naming the Debtor as its CEO and registered agent.

5.     At all relevant times, Cardis was a startup company that developed software of credit card processing technology based on several patents it had registered with the United States Patent and Trademark Office.

6.     Utilizing a series of four confessions of judgment, Defendant Maidenbaum in his individual capacity and Johnathon Stein usurped Cardis from its shareholders and using a series of judgments against the Debtor, making it impossible for any creditor to conduct any business with the Debtor or creating a payment plan for any debt.

7.     In particular, at least three (3) out of the five (5) creditors listed in the petition of this action have a consensus that the Debtor and valid creditors can successfully reach a reorganization of the Debtor's finances if the claims presented herein are determined by the Court.

## Jurisdiction

8.     Jurisdiction is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(B) as to whether to allow the claims of Defendants to hamper the creditors from achieving a consensual reorganization of the Debtor's estate.

9.     Jurisdiction is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(H) to determine the claims of Defendants as arising from a fraudulent conveyance of confessions of judgment that were never funded.

10. Jurisdiction is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(E) and (H) to account and turn over property of the Debtor to the estate, in which Defendant has levied and not recorded a reduction of debt to the Debtor.

11. Jurisdiction is proper as Plaintiff, a Creditor, seeks a core determination pursuant to 28 USC 157(2)(K) to reject the validity of certain claims and liens that Defendants have against the Debtor's Estate.

12. Jurisdiction is proper pursuant to 28 USC 1334 as Plaintiff, a Creditor, seeks relief from the Court to extent that the Court will abstain from deciding the claims presented in this adversary action, to grant relief to Plaintiff to pursue all remedies available to Plaintiff in State forum to obtain a full determination of all the claims presented in this adversary action.

13. Venue is proper as this proceeding is present in the District in which the Debtor is domiciled.

## **STATEMENT OF FACTS**

14. The Defendants claim to have four confessions of judgment against the Debtor, which are contested:

    a. A confession of judgment in the principal amount of $275,000 ("$275k judgment") *Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, Aaron Fischman*, Supreme Court of Nassau County, Index No. 604766/2016 (currently assigned to Hon. Danielle Peterson)

    b. A confession of judgment in the principal amount of $2,000,000 ("$2-million judgment") *Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, Aaron Fischman*, Supreme Court of Nassau County, Index No. 604610/2016 (currently assigned to Hon. Bruce Cozzens).

c.   A confession of judgment in the principal amount of $250,000 ("$250k judgment") *Shalom S. Maidenbaum, v. Aaron Fischman,* Index No. 604767/2016 (currently not assigned to any judge).

d.   A confession of judgment in the principal amount of $50,000 ("$50k judgment") *Shalom S. Maidenbaum, v. Aaron Fischman,* Index No. 604768/2016 (currently not assigned to any judge).

15.   There are presently pending two separate actions in the State forum seeking to declare these confessions of judgment as void ab initio. These actions are:

a.   A counterclaim by Nina Fischman in the action captioned as *Shalom S. Maidenbaum v. Nina Fischman, Mommy Sauce Irrevocable Trust, Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc., Choshen Israel LLC, Aaron Fischman, Merrill Lynch Pierce Fenner & Smith Incorporated, Bank Of America, N.A., TD Bank, N.A. and M&T Bank Corp.*, Index No. 601538/2021 (assigned to the Hon. Danielle Peterson). A motion for default judgment (Seq. 7) by Nina Fischman is currently fully submitted, which seeks to declare the $275k and $2-million judgments as null and void.

b.   A plenary action by the Debtor captioned as, *Aaron Fischman and Choshen Israel Group, LLC, Jonathan A. Stein, and Shalom Maidenbaum in his individual and official capacity on behalf of Cardis Enterprises International B.V. and cardis enterprises international N.V. and Cardis Enterprises International (USA), Inc.* Index No. 608120/2022 (assigned to the Hon. Danielle Peterson), which is a declaratory judgment action by the judgment Debtor seeking to declare the judgments by Defendants as null and void.

16.   Due to the Honorable Justice Peterson having been away for over one year due to cancer, a decision on the validity of judgments was delayed, and the Defendants took advantage of this unfortunate situation of Justice Peterson to persist with enforcement of judgments and garnishing any money and assets of the Debtor, leaving creditors like Plaintiff with no other viability but to bring the matter before this Court and secure the property of the Debtor for the benefit of all creditors.

<u>The $275k judgment</u>

17.   On May 4, 2015, the Debtor purportedly signed a confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum,

arising from a promissory note (the "Note") executed by Cardis BV, Cardis NV, Cardis USA and Choshen on February 23, 2015 and personally guaranteed by me on the same date, with interest at an annual percentage rate of eight percent (8% )."  The confession also states "Accordingly, we hereby confess judgment, jointly and severally, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) with interest at the rate of twelve percent (8%) from February 23, 2015 to and including April 30, 2015, and thereafter, at the rate of twenty-four percent (24%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit C** is a true copy of the confession of $275k judgment.

18.    The confession of $275k judgment bears the notary signature of the Defendant Johnaton Stein ("Stein").

19.    Absent from the confession of the $275k judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (*i.e.,* a loan of money, compensation for goods or services, the nature of the guarantee, or etc.).

20.    On June 23, 2016, Defendant Stein filed for Defendant Maidenbaum the confession of the $275k judgment.

21.    On June 28, 2016, the Clerk of the Court for Nassau County entered judgment in the amount of $355,542,98. Attached as **Exhibit D** is a true copy of the $275k judgment.

## The $2-million Judgment

22.     On May 4, 2015, the Debtor purportedly signed a second-identical confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum, arising from a promissory note (the "Note") executed by Cardis BV, Cardis NV, Cardis USA and Choshen on February 23, 2015 and personally guaranteed by me on the same date, with interest at an annual percentage rate of eight percent (8% )."  The confession also states "Accordingly, we hereby confess judgment, jointly and severally, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Million Dollars ($2,000,000.00) with interest at the rate of twelve percent (8%) from February 23, 2015 to and including April 30, 2015, and thereafter, at the rate of twenty-four percent (24%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit E** is a true copy of the confession of $2 million judgment.

23.     This $2-million confession of judgment also bears the notary signature of the Defendant Stein.

24.     Absent from the confession of the $2-million judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (i.e., a loan of money, compensation for goods or services, the nature of the guarantee, or etc.).

25.     On June 21, 2016, Defendant Stein registered for Defendant Maidenbaum the confession of the $2 million judgment.  The action is captioned as *Shalom S. Maidenbaum, v. Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), INC., Choshen Israel LLC, Aaron Fischman,* Index No. 604610/2016.

26.     On June 21, 2016, the Clerk of the Court for Nassau County entered judgment in the amount of $2,576,442,78. Attached as **Exhibit F** is a true copy of the $2 million judgment.

### The $250k Judgment

27.     On December 24, 2015, the Debtor purportedly signed a third-identical confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum, arising from a promissory note (the "Note") executed by me on May 4, 2015, with interest at an annual percentage rate of eight percent (8%)."   The confession also states "Accordingly, I hereby confess judgment, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00) with interest at the rate of eight percent (8%) from June 19, 2015 to and including September 30, 2015, and thereafter, at the rate of sixteen percent (16%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit G** is a true copy of the confession of $250k judgment.

28.     The confession of the $250k judgment also bears the notary signature of the Defendant Stein.

29.     Absent from the confession of the $250k judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (*i.e.*, a loan of money, compensation for goods or services, the nature of the guarantee, or etc.).

30.     On June 24, 2016, Defendant Stein registered for Defendant Maidenbaum the confession of the $250k judgment.  The action is captioned as *Shalom S. Maidenbaum, v. Aaron Fischman,* Index No. 604767/2016. Attached as **Exhibit H** is a true copy of the $250k judgment.

31.     On June 28, 2016, the Clerk of the Court for Nassau County entered judgment in the amount of $285,500.17.

The $50k Judgment

32.     On December 24, 2015, the Debtor purportedly signed a fourth-identical confession of judgment stating, "This confession of judgment is for a debt justly due to the plaintiff Shalom S. Maidenbaum, arising from a promissory note (the "Note") executed by me on May 4, 2015, with interest at an annual percentage rate of eight percent (8%)."   The confession also states "Accordingly, I hereby confess judgment, pursuant to CPLR § 3218, in favor of Shalom S. Maidenbaum in the sum of Two Hundred Fifty Thousand Dollars ($50,000.00) with interest at the rate of eight percent (8%) from June 19, 2015 to and including September 30, 2015, and thereafter, at the rate of sixteen percent (16%), until such time as judgment is entered, and thereafter, at the statutory rate of nine percent (9%) until such time as the entire obligation is paid in full." Attached as **Exhibit I** is a true copy of the confession of $50k judgment.

33.     The confession of the $50k judgment also bears the notary signature of the Defendant Stein.

34.     Absent from the confession of the $50k judgment are the specific facts of its purported promissory note, such as the amount of the promissory note, and any indicia of the nature of the debt of the promissory note (*i.e.,* a loan of money, compensation for goods or services, the nature of the guarantee, or etc.).

35.     On June 24, 2016, Defendant Stein registered for Defendant Maidenbaum the confession of the $50k judgment.  The action is captioned as *Shalom S. Maidenbaum, v. Aaron Fischman*, Index No. 604768/2016.

36.     On June 28, 2016, the Clerk of the Court of Nassau County entered judgment in the amount of $57,054.85. Attached as **Exhibit J** is a true copy of the $50k judgment.

### The Foreign Judgment

37.     On March 13, 2023, Defendant Stein, on behalf of Defendant Maidenbaum, brought a motion to register a non-final judgment of attorney fees incurred in the State of Israel in the amount of $185,443.70. The action is captioned as *Shalom S. Maidenbaum, v. Aaron Fischman*, Supreme Court of Sullivan County, Index No. E2023-395.  Attached as **Exhibit K** is a true copy of the motion.

### The Partnership Between Defendant Stein and Defendant Maidenbaum

38.     The aforementioned confessions of judgment were filed without any attachment of a promissory note or agreement creating the purported debts.

39.     In post judgments filings scattered across several courts, there were filings made by the Debtor that illuminate a partnership between Defendant Stein and Defendant Maidenbaum.

40.     An "Agreement" combined with a "Promissory Note," each dated December 8, 2010 (referred to as the "2010 Agreement and Promissory Note" or "2010 Agreement" or "2010 Promissory Note"), purport as follows:

    a.    Defendant Stein and Defendant Maidenbaum are 50% partners in the interests they claim to hold in Cardis.

    b.    In the 2010 Agreement, Defendant Stein and Defendant Maidenbaum claim to have loaned $650,000 to Cardis.

    c.    In the 2010 Promissory Note, Defendant Stein and Defendant Maidenbaum claim to have loaned $775,000 to Debtor.

    d.    In the 2010 Agreement and Promissory Note, Defendants that the Debtor is a personal guarantor to such obligations.

    e.    In the 2010 Agreement, Defendant Stein and Defendant Maidenbaum demand that the Debtor guarantee to them a 12.5% shareholder lead in Cardis.

  f.  Attached as **Exhibit L** is a true copy of the 2010 Agreement and Promissory Note.

41. An "Agreement" dated February 28, 2011 (referred to as "2011 Agreement") purport as follows:

  a.  Defendant Stein and Defendant Maidenbaum are equal partners in the stocks and warrants in Cardis.

  b.  In the 2011 Agreement, Defendant Stein and Defendant Maidenbaum claim to have loaned $740,000 to Cardis.

  c.  The 2011 Agreement represents that the Debtor is a personal guarantor of such obligations.

  d.  In the 2011 Agreement, Defendant Stein and Defendant Maidenbaum demand that the Debtor guarantee them that they maintain a 12.5% shareholder lead in Cardis.

  e.  Attached as **Exhibit M** is a true copy of the 2011 Agreement.

42. In subsequent filings, Defendants represented that the promissory notes for each of the confessions of judgment are rooted in the 2010 Agreement and Promissory Note and the 2011 Agreement.

43. In a promissory note for $250,000, dated May 4, 2015, between the Debtor and Defendant Maidenbaum, Defendant Stein and Defendant Maidenbaum are listed as "founders" of Cardis, each pledging "founders stock" to themselves. Attached as **Exhibit W** is a true copy of the promissory note.

<u>The Post Judgment Contradictions Coming to Light in This Court</u>

44. As stated above, each of the confessions of judgment do not state the facts purporting the amount and the nature of each of the promissory notes supporting such judgment.

45.     On May 16, 2018, Defendant Maidenbaum filed a RICO Action[1] against the Debtor claiming that Cardis was a racketeering enterprise.   In the original complaint, Defendant Maidenbaum alleged that "From on or about June 18, 2009 to on or about September 10, 2015 Plaintiff [Maidenbuam] deposited sums of money in excess of $3,000,000 into the aforesaid attorney escrow accounts for the sole purpose of investing into various business ventures of Aaron Fischman." The RICO action is captioned as *Shalom S. Maidenbaum v. Aaron Fischman; Nina Fischman; Lawrence Katz; The Law Office of Lawrence Katz, PC; The Law Office of Lawrence Katz, Esq., PLLC; and Choshen Israel Group, LLC. USDC Eastern District of New York*, docket no. 18-CV-2911 (NGG) (RER). Attached as **Exhibit N** is a true copy of the original complaint in the RICO action.

46.     On June 14, 2019, Defendant Maidenbaum filed a proposed amended complaint in the RICO action, stating that "Between in or about 2006 and September 20 I 5 Mr. Maidenbaum tendered dozens of checks to Katz[2] for investment in either Cardis or Epoint,[3] in excess of $2,000,000.00. Many of the checks, or portions of many, were diverted by Aaron Fischman and Katz to Nina Fischman, Choshen or places unknown, other than the intended targets of investment. Upon information and belief only $625,000.00 of the $1,550,000.00 earmarked for Epoint was actually deposited into Epoint's account. None of the $850,000.00 earmarked for Cardis was deposited into Cardis's account." Attached as **Exhibit O** is a true copy of the proposed amended complaint in the RICO action.

---

[1] On March 25, 2020, the Eastern District entered an order dismissing the RICO action.  The Court can take judicial notice of representations that Defendant Maidenbaum made in open court, not for its truth, but for the fact that Defendant Maidenbaum has made such representation concerning its relationship with the Debtor and Cardis.
[2] Lawrence Katz Esq. was the escrow agent for the Debtor, and managed the allocation of investments of Cardis.
[3] ePoint was a different startup entity than Cardis that sought to utilize the technology of Cardis. The entity ePoint offered its own stock to investors.

47.     On June 14, 2019, an attorney for Defendant Maidenbuam filed a deceleration in the RICO action stating "The total amount tendered by the plaintiff for investments in either Cardis or Epoint totaled $2,400,000. More specifically, $850,000 was to be invested in Cardis and $1,550,000 was to be invested in Epoint, of which only $625,000 made it to Epoint accounts. The other $925,000 was diverted by Defendants." Attached as **Exhibit P** is a true copy of the deceleration.

48.     On September 13, 2020, Defendant Stein filed an affirmation in the action of the $2 million judgment stating, "I personally invested [in Cardis] $100,000.00 of my money with Defendant Fischman, my brother invested $125,000.00, my mother invested $150,000,00 and various friends and relatives invested hundreds of thousands of additional dollars." Notably, at the same time while besmearing the Cardis venture, Defendant Stein does not disclose that he was a founder of Cardis.  Attached as **Exhibit Q** is a true copy of the affirmation.

49.     On February 8, 2021, Defendant Maidenbaum filed a verified petition for a turnover proceeding stating "Maidenbaum obtained promissory notes, guaranties and confession of judgments, rather than investment securities, in exchange for the funding he provided."  The turnover proceeding is captioned as *Shalom S. Maidenbaum, v. Nina Fischman, Mommy Sauce Irrevocable Trust, Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc., Choshen Israel LLC, Aaron Fischman, Merrill Lynch Pierce Fenner & Smith Incorporated, Bank Of America, N.A., TD Bank, N.A. and M&T Bank Corp.*, Supreme Court of Nassau County, Index no. 601538/2021. Threin, Defendant Maidenbaum alleges that a total of "$2,194,170 received into Katz's HSBC IOLA Account were proceeds from Maidenbaum's loans."  Attached as **Exhibit R** is a true copy of the petition.

50.     Attached to the turnover petition, Defendant Maidenbaum submitted an exhibit purporting to show that Defendant Maidenbaum advanced "$2,488,000" as loans/investments in Cardis.  Attached as **Exhibit S** is a true copy of such exhibit created by Defendant Maidenbaum.

51.     On June 10, 2022, Defendant Maidenbaum filed an amended petition in the turnover proceeding stating, "On February 23, 2015, Cardis, Choshen and Aaron Fischman executed and delivered two separate promissory notes. One of these notes."  "Maidenbaum evidenced a total debt of $2 million and replaced prior notes that (a) Maidenbaum funded in amounts totaling $1.625 million, and (b) also entitled Maidenbaum to $1,314,614 in accrued interest." "('This Note shall supercede [*sic*] all prior Notes, other than a Note of even date covering a separate obligation by Payor in the principal sum of Two Hundred Seventy-Five Thousand Dollars')."  "Thus, Cardis received substantial consideration consisting of an extension of the maturity date (forbearance of the right to sue), and forgiveness of $949,614 in interest. The other note executed and delivered on February 23, 2015 ..., which was in the amount of $275,000.00, evidenced the obligation to repay loans that, as the note recited, Maidenbaum made in the amounts of $100,000 on October 7, 2014, another $100,000 on November 7, 2014 and $75,000 on February 23, 2015 … Consideration exists for the $275,000 note since it was executed simultaneously with an additional $75,000 in funding from Maidenbaum. Neither note was paid at maturity or thereafter. Judgments by confession were jointly and severally against Cardis, Choshen and Aaron Fischman in the amount of $2,576,442.78 on June 21, 2016 and $355,542.98 on June 28, 2016." Attached as **Exhibit T** is a true copy of the amended petition.

52.     On September 8, 2023, Defendant Maidenbaum filed a motion to dismiss the Chapter 11 of Choshen Group Israel LLC, docket number 23-35636(CGM) stating, "Maidenbaum provided ample consideration in exchange for these promissory notes. The consideration for the

$2 million note was loans totaling $1,350,000 made years earlier to Cardis (and large outstanding interest payments), and novated in 2015. The consideration for the $275,000 note was new loans to Cardis totaling $275,000." "Maidenbaum was a substantial, though overly trusting, source of funds for Cardis. In addition to the loans underlying the judgments, Maidenbaum also made equity investments in Cardis totaling f [sic] $2,381,000. The checks for all the funds that Maidenbaum provided to Cardis—both as loans and as equity—are annexed as Exhibit 8 and a spreadsheet summarizing all the loans and the equity investments is annexed as Exhibit 9." Attached as **Exhibit U** is a true copy of the motion to dismiss.

53.     On December 18, 2023, Defendant Maidnbaum filed a sur reply in the turnover proceeding stating that "On December 8, 2016 Maidenbaum and Fischman, acting on behalf of Choshen and Cardis, entered into a written agreement … that designated $775,000 of the $1,625,000 in advances that Maidenbaum provided as 'loans to Cardis,' and the remaining $850,000 as for 'direct stock purchases from Choshen of Cardis' stock'—i.e., equity." Attached as **Exhibit V** is a true copy of the sur reply filed by Defendant Maidenbaum.

## **Standing of Plaintiff**

54.     Plaintiff is a Creditor with a claim of $64,515.

55.     "It appears that every court that has addressed this issue has found that a confession of judgment is a judicial lien." *In re Higgins*, 270 BR 147, 154 [Bankr SDNY 2001].  This affects the Plaintiff as an unsecured creditor since Defendant Maindenbaum has attached the $2 million judgment, the $275k judgment, the $250k judgment and the $50k judgment as a secured lien on any property in which the Debtor has an alleged interest.  This includes a residential property of the Debtor in Nassau County ($1,000,000+), a residential property of the Debtor in Sullivan County ($500,000+), and a residential condominium in Tel Aviv of the State of Israel

($4,000,000+). Upon information and belief, the value of these three properties combined fall short of allowing unsecured creditors from obtaining a share in the equity, thus reducing Debtors chances of having Plaintiff's claims satisfied.

56. Pursuant to CPLR 5015(a), an "interested party" has standing to move to vacate a judgment based on a confession of judgment. "The strict requirements for entry of a judgment by confession [pursuant to CPLR 3218] are intended for the protection of third persons, notably other creditors of the debtor who might be prejudiced by a collusively confessed judgment, rather than for the debtor." *Gold v Comm. on Professional Standards, Third Jud. Dept.*, 85 AD2d 776, 777 [3d Dept 1981]. As such, Plaintiff as a third-party creditor has standing to scrutinize a confession of judgment that was entered pursuant to CPLR 3218.

57. In the context of bankruptcy, each creditor is in a position of an interested party, since a bankruptcy is conclusive on a Debtor's liabilities and a creditor's inaction has the preclusive effect of barring the creditor from ever recovering from the Debtor.

58. In particular, Plaintiff has standing as a creditor, since the disallowance of claims by Defendants has the chances of improving the Debtor's chances of reorganizing itself, especially since the Defendants claims are hampering the Debtor's reorganization and rehabilitation.

### **First Claim for Relief**

<u>Declaratory Judgment That the Confessions of Judgment are Void Ab Initio</u>

59. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 of this Complaint with the same force and effect as if fully set forth at length herein.

60. "The right to enter judgment, based upon a statement of confession, is derived from the statute and is dependent upon strict compliance with the pertinent statutory provisions. The

courts have made it plain that the requirement that the affidavit state the facts underlying the obligation is designed for the protection of third persons who might be prejudiced in the event that a collusively confessed judgment is entered, rather than for the protection of the defendant." *County Nat. Bank v Vogt*, 28 AD2d 793, 794 [3d Dept 1967], *affd sub nom.* 21 NY2d 800 [1968]. The "formal objection to the statement should be distinguished from the question whether the transaction was bona fide. A junior judgment creditor, mortgagee or purchaser for value without knowledge of the judgment may vacate the confessed judgment if the affidavit is formally insufficient, whether or not the transaction was in fact bona fide." *Id*.

61. "The statement of confession here is clearly insufficient since no information is given as to the amount of the loan, the date of the loan, the amount of repayment, if any, or how much of the amount confessed is principal or interest." *Id*.

62. All the confessions of judgment registered as judgments by Defendants do not state concisely the nature of the debt, the amount of the loan, the date of the loan, the amount of repayment, if any, or how much of the amount confessed is principal or interest.

63. A live controversy persists entangling the parties over who is a legitimate creditor of the Debtor. The only leverage Defendants have in alleging to be a creditor of the Debtor are the purported judgments, all arising from confessions of judgment that fail to state concisely the nature of the debt, the amount of the loan, the date of the loan, the amount of repayment, if any, or how much of the amount confessed is principal or interest.

64. Wherefore, Plaintiff requests that the Court settle the issue once for all and decide the validity of the confessions of judgment. A decision by the Court will allow valid creditors and the Debtor to recognize.

65.     It is time to place Defendants out of their misery all arising from their own failed ventures as cofounders of Cardis.  The confessions of judgment are void ab initio as it fails to comply with the strict requirements of CPLR 3218.

**<u>Second Claim for Relief</u>**

<u>The Confessions of Judgments are Not Notarized as Required by Statute</u>

66.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 of this Complaint with the same force and effect as if fully set forth at length herein.

67.     Pursuant to RPAPL 301[a] "The certificate of the acknowledgment or of the proof of a conveyance, or the record, or the transcript of the record, of such a conveyance, is not conclusive, and it may be rebutted, and the effect thereof may be contested, by a party affected thereby."

68.     Pursuant to Executive Law 138 "A notary public… who is a stockholder, director, officer or employee of a corporation may take the acknowledgment or proof of any party to a written instrument executed to or by such corporation, or administer an oath to any other stockholder, director, officer, employee or agent of such corporation, and such notary public may protest for non-acceptance or non-payment, bills of exchange, drafts, checks, notes and other negotiable instruments owned or held for collection by such corporation; but **none of the officers above named shall take the acknowledgment or proof of a written instrument by or to a corporation of which he is a stockholder**, director, officer or employee, **if such officer taking such acknowledgment or proof be a party executing such instrument**, **either individually or as representative of such corporation**, **nor shall a notary public protest any negotiable instruments owned or held for collection by such corporation**, **if such notary public be**

**individually a party to such instrument, or have a financial interest in the subject of same**." Executive Law § 138 (emphasis added).

69.     The 2010 Agreement and Promissory Note itself demonstrate that Defendant Stein is a partner with Defendant Maidenbaum in all the investments and loans that Defendant Maidenbaum has purportedly made to Cardis.

70.     The 2011 Agreement itself demonstrate that Defendant Stein is a partner with Defendant Maidenbaum in all the investments and loans that Defendant Maidenbaum has purportedly made to Cardis.

71.     Defendant Maidenbaum has acknowledged that the 2010 Agreement and Promissory Note and 2011 Agreement have "novated" in 2015 into the promissory notes upon which the confessions of judgment are mastered. Attached are true copies as **Exhibit W** the promissory note for $250k, **Exhibit X** of the promissory note of $2 million, **Exhibit Y** of the promissory note for $275k, and **Exhibit Z** the promissory note for $50k (together as "2015 promissory notes").

72.     The Debtor's signatures in each: the 2010 Agreement and Promissory Note, 2011 Agreement, the 2015 promissory notes, and the confessions of judgment were all notarized by Defendant Stein, a party to each of these instruments.

73.     Pursuant to Executive Law 138, Defendant Stein as a partner with Defendant Maidenbaum was disqualified from notarizing in its own benefit: the 2010 Agreement and Promissory Note, 2011 Agreement, the 2015 promissory notes, and the confessions of judgment.

74.     A notary's "interest in the transaction … rendered [the affidavit] null and void because he had a 'direct and pecuniary interest' in the case." *Alfieri v Guild Times Pension Plan*, 446 F Supp 2d 99, 111-12 [EDNY 2006].

75.     Defendant Stein as a partner with Defendant Maidenbaum in the purported debt of the Debtor rendered the confessions of judgment as null and void.

76.     Pursuant to CPLR 3218[a], a confession of judgment is only valid if it is based "upon an affidavit executed by the defendant."

77.     Here, the fact that Defendant Stein, who is a partner to the confessions of judgment, notarized the affidavits of the confessions, rendered the confessions as void ab initio.

78.     "Accordingly, for parties to execute a Confession of Judgment, they must first state in an affidavit, signed by the defendant before a notary administering the oath, … the sum for which judgment may be entered, authorize the entry of judgment, and state the county where the defendant resides or if he is a non-resident, the county in which entry is authorized." *In re Thiessen*, 606 F Supp 3d 65, 69 [SDNY 2022].

79.     Without an affidavit, the Defendants have no confession, and their entire series of confessions of judgment are void ab initio.

80.     A live controversy persists entangling the parties over who is a legitimate creditor of the Debtor.  The only leverage Defendants have in alleging to be a creditor of the Debtor are the purported judgments, all arising from confessions of judgment that were not notarized by a disinterested party to the instrument.

81. "Rather, those affidavits constituted evidence admitted in judicial proceedings to prove that the signatures collected were valid. Since the candidate was an interested party both in the outcome of the proceedings and on the issue of whether she acted properly in notarizing the affidavits in question, those affidavits were nullities." *Braunfotel v Feiden*, 172 AD3d 1451, 1453 [2d Dept 2019].

82. Wherefore, Plaintiff requests that the Court settle the issue once for all and decide the validity of the confessions of judgment. A decision by the Court will allow valid creditors and the Debtor to recognize.

83. Defendants have no verifiable claim, but judgments based on confessions that were in essence confessed, not before a notary, but to the judgment creditor himself. That is not a voluntary confession but more akin to an extortion.

### **Third Claim For Relief**

#### The Confessions of Judgment Are Fraudulent to Third Parties

84. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 83 of this Complaint with the same force and effect as if fully set forth at length herein.

85. "The statutory requirement that an affidavit of confession of judgment state concisely the facts out of which the debt arose and show that the sum confessed is justly due or to become due, is designed to protect innocent third parties who might be prejudiced in the event that a collusively confessed judgment is entered." *Balahtsis v Shakola*, 197 AD3d 547, 547-48 [2d Dept 2021].

86.     The amounts represented by each of the confessions of judgment are inconsistent with CPLR 3218 as they do not properly apprise third parties, like Plaintiff as a Creditor, of the liability the Debtor confessed.

87.     A third party investigating the amounts of the confessions of judgment is left baffled as to the genuineness of the confessions of judgment.  The post judgment statements Defendants made in regard to the nature of the debt, coupled with the contradictory statements that shift of whether these confessions of judgment arise from a purchase of stock or direct loans to Cardis, and the fact that Defendants are cofounders of Cardis.  The nature of such statements leaves a third party with no ability to verify the genuineness of each confession of judgment.

88.     For instance, a third party investigating the claims made by Defendants would be guided by common knowledge that the act of purchasing stock in a corporation is an act of acquiring an asset/equity. The knowledge that a third party has is that the person holding an asset in a corporation is not holding a loan from a bona fide lender with a right of repayment with compounded interest, but such asset may call for a preferred return of the amount of capital contribution and a fair percentage of the equitable distribution.  The circumstances presented by Defendants as to how they acquired stock in Cardis, of which they are cofounders, and the amounts of the capital contribution being a loan generating interest, are circumstances that a third party would see as a collusion.

89.     The statements of Defendants, as listed above in paragraphs 44 and 53 contravene with the nature of the debts.  Each confession of judgment states "This Confession of Judgment is not for the purpose of securing Shalom S. Maidenbaum against a contingent liability." Yet, the post judgments statements show that the Defendants created the promissory notes as security for their investments in Cardis.  In other words, in the contingent event should Cardis fail, the

Defendants would hold the Debtor liable for such debt. These contradictory "facts" violate CPLR 3218 by failing to either state "stating concisely the facts out of which the debt arose" or "stating concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability."

90.     In particular, CPLR 3218 requires that the nature of the contingent liability must state "concisely the facts constituting the liability and showing that the sum confessed does not exceed the amount of the liability." In other words, the confessions of judgment do not state concisely the facts constituting the liability, and each confession of judgment fails to show that the sum confessed does not exceed the amount of the liability.

91.     A live controversy persists entangling the parties over who is a legitimate creditor of the Debtor. The only leverage Defendants have in alleging to be a creditor of the Debtor is the purported judgments, all arising from confessions of judgment that offer inconstant facts as to the nature of the debt.

92.     Wherefore, Plaintiff requests that the Court settle the issue once for all and decide the validity of the confessions of judgment. A decision by the Court will allow valid creditors and the Debtor to recognize.

93.     Defendants have no basis of fact to support the confessions of judgement, otherwise the confession would state concisely the facts giving rise to the debt. The confessions fail to state concisely the facts because the contradictory versions offered by Defendants are simply fraudulent against third parties.

## Fourth Claim for Relief

94.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 93 of this Complaint with the same force and effect as if fully set forth at length herein.

95.     Defendants have utilized the judgements outlined above to levy assets belonging to either to the Debtor or Cardis.

96.     Neither Defendant liquidated into cash any of the levied assets it received when it took over Cardis in July 2016 after the judgments were entered.

97.     Neither Defendants recorded any partial satisfaction of the judgments outlined above.

98.     In an effort to reorganize the Debtor's debt, the Debtor's Estate is entitled to an accounting of all assets that Defendants levied as a result of judgments outlined above in order to reduce the amount of outstanding liabilities the Debtor is indebted.

99.     In the event that Plaintiff succeeds in vacating any judgment outlined above, the Creditors and Estate of the Debtor is entitled to recovery of any asset unjustly levied.

100.     In the event that Plaintiff cannot succeed in vacating any judgment outlined above, Plaintiff is entitled to have such levied assets determined as a full accord and satisfaction of the judgments.

101.     In the event that Plaintiff cannot succeed with a full accord and satisfaction of the judgments, Plaintiff is entitled to have such levied assets reduce the amount of debt owed by the Debtor.

102.    In particular, Defendants took possession of the following: (i) Cardis as a whole, including its assets, (ii) the Debtor's stock in ePoint, (iii) the Debtor's interest in a marital home in Sullivan County, and (v) personal belongings of the Debtor.

103.    Upon each levy, Defendants did not return an execution as required under CPLR 5230[c].

104.    Upon each levy, Defendants did not follow through with the requirements of CPLR 5232 and 5236.

105.    As a direct result, Plaintiff seeks an order directing Defendants to account to the Court for all assets they levied utilizing any judgment in which the Debtor would be entitled to a reduction of the amount of debt.

## <u>CONCLUSION</u>

**WHEREFORE** Plaintiff request judgment declaring the confessions of judgment as null and void, directing Johnathon Stein and Shalom Maidenbaum to account to for all assets they levied utilizing any judgment in which the Debtor was named as a party, and Plaintiff requests such other and further relief as the Court finds just and reasonable under the circumstances.

Dated: Forty Fort, PA
            December 29, 2023

Respectfully submitted,

_____

Yoel Weisshaus
1713 Wyoming Avenue
Forty Fort, PA 18704
(917)335-1933
yoelweisshaus@gmail.com

*Plaintiff-Creditor*