PENACHIO MALARA LLP
Proposed Counsel for the Debtor
245 Main Street, Ste 450
White Plains, NY  10601
(914) 946-2889

By: Anne Penachio, Esq.


UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

| | |
|---|---|
| In re: | CHAPETR 11 |
| AARON FISCHMAN, | Sub Chapter V |
| | Case No.: 23-36038 (CGM) |
| Debtor, | |

-------------------------------------------------------------------------X


| | |
|---|---|
| YOEL WEISSHAUS, | |
| Plaintiff, | ADV. PRO. NO.: |
| -against- | 23-09024 (CGM) |
| JONATHAN A. STEIN, and SHALOM MAIDENBAUM in his individual and official capacity on behalf of CARDIS ENTERPRISES INTERNATIONAL B.V. and CARDIS ENTERPRISES INTERNATIONAL N.V. and CARDIS ENTERPRISES INTERNATIONAL (USA), INC., and AARON FISCHMAN, | |
| Defendants | |

-------------------------------------------------------------------------X

**DECLARATION OF AARON FISCHMAN IN SUPPORT OF A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER STAYING COLLECTION ACTIONS BY AND ON BEHALF OF DEFENDANTS AND/OR THEIR SUCCESORS, AGENTS AND ASSIGNS; IMPOSING THE AUTOMATIC STAY UNDER  11 U.S.C. 362(c)(4) AND GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST**

1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

     Aaron Fischman, the Debtor in this Chapter 11 Case and a Defendant in the Adversary Proceeding, hereby declares under penalties of perjury, as follows:

    1. I am the debtor in this voluntary Chapter 11 case and a defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"). I submit this Declaration in support of (1) a preliminary injunction and temporary restraining order ("TRO") staying collection actions by and or behalf of Jonathan A. Stein ("Stein") and Shalom Maidenbaum ("Maidenbaum") in his individual and official capacity on behalf of Cardis Enterprises International B.V., Cardis Enterprises International N.V. and Cardis Enterprises International (USA), Inc. (the "Cardis Entities"), (2) imposition of the automatic under 11 U.S.C. § 362(c)(4); and (3) granting such other and further relief as much be just and proper.

    2. I seek the intervention of this Court to enjoin Stein, Maidenbaum and the Cardis Entities from engaging in collection activities while my alleged liability to them is challenged and pending confirmation of my Chapter 11 plan which I am in the process of formulating and hope to file in relatively short order.

    3. I have personal knowledge of the facts set forth herein unless otherwise noted. My attorney assisted me in drafting this document.

    4. As set forth more fully herein and in the underlying motion filed by my counsel, Maidenbaum, and/or the Cardis Entities have employed four invalid and defective confessions of judgment (collectively the "COJs") to impose a series of judgments against me (the "Judgments"). Armed with the Judgments, Maidenbaum has engaged in a crusade to cripple me and my family financially. He has aggressively sought to execute the Judgments and use them to seize my wife's residence in Israel, our home in Sullivan County, NY as well as various investment and bank

accounts. Maidenbaum has rendered it virtually impossible for me to conduct any business and repay his legitimate obligations.

5. The COJs and the Judgments are the subject of challenge both here and in New York State Supreme Court, Nassau County. Pending the outcome of a determination of their validity, I seek to restrain collection activities. This will enable me to reorganize my financial affairs under the supervision of the Court and pay my legitimate debts.

## BACKGROUND

6. I have been engaged in forming and operating software "startup" businesses for decades. Several of the businesses have been extremely successful. Notwithstanding, as with any new business venture, software startups can be risky. Conventional financing is difficult. The businesses depend largely on private investments.

7. In the early 2000s, I was introduced to Maidenbaum as a potential investor. Maidenbaum introduced me to his sister, Rachel Maidenbaum ("Rachel'). Rachel made investments, wither directly or indirectly, through an entity known as the "Boss's Daughter." I understood that the 'Boss's Daughter" may have been a trust for Rachel's benefit. For at least a decade, Maidenbaum and I enjoyed a profitable business relationship and a close personal relationship. Indeed, in or about 2010 or 2011, we entered into a partnership agreement among ourselves and Maidenbaum's attorney, Stein. Pursuant to the agreement, Maidenbaum and Stein would continue investing and share in my equity in the businesses. Maidenbaum not only personally invested in the start ups but, at his recommendation, his family members and friends invested.

8. In or about 2016, the businesses suffered a series of financial setbacks. As noted, setbacks are not uncommon in ventures of this kind. Often times setbacks are short term.

Maidenbaum, who was likely fearful of losses, advised me that he wished to convert his equity in the businesses to debt as he had done in the past. Only he did not convert his equity to debt. Rather, he always kept his equity which was linked to mine. Maidenbaum essentially created debt to insure payment of his investment but also retained his equity.

9. At the behest of Maidenbaum and Stein, without really appreciating or understanding what was going on, I signed the COJs which I understood would simplify our business relationship. I was provided with assurances by Maidenbaum's counsel that he would never "call" the notes until the businesses completed its capital raises and could afford the re-payment. Otherwise, it would compromise the success of the businesses as well the investments of not only Maidenbaum but all investors including his family and friends. Instead of simplifying things, the COJ's had consequences that were disastrous for me and my family and also created a litigation quagmire.

10. Maidenbaum used the Judgments which were based on the COJs to inflict financial terror on me and my family.

11. Maidenbaum has used the Judgments, notwithstanding that they have been challenged in at least 3 forums, to:

A. Attach my wife's apartment in Israel. The apartment has an estimated value of $4 million and there is substantial equity in it. In attempting to seize the property, Maidenbaum indicated I improperly transferred my interest in the property to my wife back in 2008.

B. Sell my interest, in my home in Sullivan County NY which I owned with my wife by the entireties solely through a Sheriff's execution,. It was then alleged in State Court that Maidenbaum was now a joint owner of the property together with my wife.

Maidenbaum proceeded to threaten through litigation the quiet use and occupancy of this marital residence as though my wife's rights of ownership by the entirety had been extinguiished by the sale. It is noteworthy that Maidenbaum paid only one thousand dollars for his interest in the property at the Sheriff's auction. No judgment was reduced as a result of this sale

C. Attach and/or freeze my wife's bank accounts and brokerage accounts, as well as accounts held by my wife as trustee, including a sizable account at Merrill Lynch. Accounts have been restrained for approximately 3 years despite the fact that New York law provides that such restraints expire after one year.

D. Seize my bank accounts and business interests. In this regard, Maidenbaum has attempted to interfere with my current employment and has threatened the viability of the company.

E. Assert a frivolous RICO lawsuit against my wife and myself as well as an attorney who worked with me. When the RICO case was dismissed Maidenbaum's attorneys sued the attorney again on the basis of fraud by using 2 investors in Cardis as proxies. These "investors" claimed losses occurred no later than sometime in 2012. Maidenbaum, through his counsel, asserted the action was within statute of limitations as the investors were unaware of the fraud until, years after an action by the New York State Attorney General (the "AG") had been filed.

12. Cleary, even if Maidenbaum's claims are valid, there are more than sufficient assets to satisfy any claim that he may have.

13. I intend to utilize the rules and regulations of this Court to propose a Chapter 11 plan

to pay creditors with valid claims what they are owed or a substantial portion thereof that is fair and equitable. My assets, which include employee stock options, and earning ability are more than ample to fund a plan. I am working diligently with my counsel to formulate. The schedules filed in my case and my income tax returns filed in the case reflect this.

14. I anticipate filing a plan or before the March 16, 2024 deadline imposed by the Bankruptcy Code.

15. Based upon the foregoing, it is clear that the requirements for a TRO and a preliminary injunction have been met. First, my family and I will be irreparably harmed if Maidenbaum and other creditors are not enjoined from further collection activities outside of this Court. Maidenbaum will continue his quest to wreak havoc on me and my family and create turmoil in our lives. I will likely be distracted and not be able to effectively formulate a plan. Second, as set forth in the moving papers, there is a substantial likelihood that the COJs will be set aside by either this Court or the State Court in Nassau County where two actions challenging them are pending. Third, the benefit to me and creditors outweighs any possible harm to Maidenbaum. Maidenbaum has already attached and or executed his alleged Judgments in assets which are more than sufficient to satisfy any legitimate claim in the unlikely event that he should prevail. Finally, the public interests support the entry of an injunction. It is in the public interest that issues like the validity of the COJs and Judgments are considered on the merits and there not be a "race" to the Courthouse.

16. In addition to seeking a TRO and injunction, I am also asking the Court impose the automatic stay under Section 362 (c) (4) of the Bankruptcy Code. Unfortunately, I am a "repeat filer." The first case pending was an involuntary case (the "Involuntary Case") which was filed

against me on May 8, 2023.  The US Trustee moved to dismiss the Involuntary Case.  I filed a statement in support of dismissal.  The Involuntary Case was dismissed on July 11, 2023.

17. The second filing was a Chapter 13 case filed on August 10, 2023 and was assigned case number 23-35660-cgm (the "Chapter 13 Case").  I understand that the Chapter 13 Case was dismissed because I did not qualify for relief under that section as my liabilities exceeded the limits imposed by the Bankruptcy Code.  Based upon my recollection and a review of the docket, I believe that I met my obligations and duties in the Chapter 13 Case.  Indeed, the Chapter 13 Case was not dismissed for any neglect on my part.  In fact, I attended to my filings despite numerous religious observances and notwithstanding the War in Israel where my wife maintains a home (which the Israeli Court has deemed to be mine[1]) and many of my family reside.  Rather, my Chapter 13 Case was dismissed because I did not qualify.  Unfortunately, because of the Involuntary Case, the Chapter 13 Case was dismissed with prejudice.

18. In hindsight, I should have converted the Involuntary Case to a voluntary Chapter 11 case.  I should not have filed for Chapter 13 relief and/or should have immediately sought to convert the case to one under Chapter 11.  I did not understand initially understand that Chapter 11 would have been a better option.  I was not aware that Sub Chapter V even existed.

19. I filed my current case on December 19, 2023. I am confident that I can fund a confirmable Chapter 11 plan using my employee stock options which are anticipated to become available in the near future.  If necessary, I will seek to utilize wife's assets and my which include: cash and securities in the Merrill Lynch account, the apartment in Israel, and our home in Sullivan County.  My assets are set forth on my Schedules.

---

[1] Apparently, at the request of Maidenbaum, the Israeli Court ruled that since my wife was not employed outside of our home, she was not entitled to own property.   Needless to say, this ruling, which could be considered arcane, is being challenged.

7

20. I have complied with the duties imposed by Chapter 11 thus far and will continue to do so. As mentioned, my attorney is in the initial stages of drafting a plan. She has reached out to the Sub Chapter V trustee. I understand that she will reach out to creditors, including Maidenbaum. I am committed to working with my new counsel to achieve confirmation of a plan.

21. Finally, I believe that I have been unfairly disparaged in this Court by Maidenbaum who has presented the Court with what could be considered incomplete information regarding charges asserted against me by the AG. Upon information and belief, Maidenbaum reported me to the AG for alleged financial improprieties. I contested the allegations and believe that they were unfounded. I ultimately agreed to plead guilty to a single violation of the Martin Act and a related charge. I agreed to pay approximately $2 million in restitution. A copy of the agreement is annexed hereto as <u>Exhibit A</u>. I paid $1 million of the restitution and intend to pay the balance due under my plan.

24. In reaching an agreement with the AG, I wanted to do the right thing and move forward rather than spend time, money and effort fighting the charges. Similarly, in this Bankruptcy case, I would like to do the right thing and move forward with a plan of reorganization to pay my legitimate creditors including Maidenbaum if the Judgments are upheld.

WHEREFORE, I respectfully request that this Court grant the relief requested herein.

Dated: January 12, 2024

_____
Aaron Fischman