# EXHIBIT 1

## PROMISSORY NOTE

**$275,000.00**                                                                 Cedarhurst, New York
                                                                                February 23, 2015

**FOR VALUE RECEIVED**, Cardis Enterprises International, B.V., Cardis Enterprises International, N.V., Cardis Enterprises International (USA), Inc. and Choshen Israel LLC (collectively, "Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, NY 11516-2026 promise to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Two Hundred Seventy-Five Thousand Dollars ($275,000.00) together with all interest on the outstanding principal amount at a rate of eight (8%) percent per annum, no later than the earlier of anticipated and/or loans to Cardis by Charles Alpert and/or Leslie Adelman in the aggregate sum of Six Hundred Thousand Dollars ($600,000.00) or May 31, 2015.

Payment shall included principal and interest of the following principal loans plus all accrued interest with respect to the following principal loan amounts from Payee to Payor, it being understood that interest shall separately track from each principal loan date:

| | |
|---|---|
| October 7, 2014 | $100,000.00 |
| November 7, 2014 | $100,000.00 |
| February 23, 2015 | $75,000.00 |

If the Payor shall fail to make the payment as herein provided, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the same, together with all interest accrued thereon, shall be forthwith become due and payable. Moreover, Payor shall be obliged to advise Payee of any loan or investment by the aforementioned Charles Alpert and/or Leslie Adelman, and their failure to do so shall be deemed to be an event of default hereunder. Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of twenty-four (24%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full.

Payor waives presentation of this original Note for the payment of the debt required hereunder. The Payor and all endorsers, guarantors and sureties hereof hereby severally waive

diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

This Note is in addition to an additional Note of even date in the principal sum of Two Million Dollars ($2,000,000.00) (the "2Mil Note), which note covers prior principal loans from Payee to Payor and other good and valuable consideration. Any default under the 2Mil Note shall also be deemed to be a default under this Note. Further, any default in payment to a Ninety Thousand Dollar ($90,000.00) made to Cardis, whether directly or indirectly, by Anthony J. Montilli ("Montilli"), in or about December 2014, shall be deemed to be a default herein. In the event of a default on the obligation to Montilli, and in the additional event that Payee's guaranty of the Montilli obligation compels him to pay-off that obligation, then the principal sum and warrant coverage shall be added to this Note as though the principal amount had been Three Hundred Sixty-Five Thousand Dollars ($365,000.00) at its execution.

**IN WITNESS WHEREOF,** the makers have duly executed this Note on the date first above written.

| **CARDIS ENTERPRISES INTERNATIONAL, B.V.** | **CARDIS ENTERPRISES INTERNATIONAL (USA), INC.** |
|---|---|
| By: _____<br>**AARON FISCHMAN**<br>Director | By: _____<br>**AARON FISCHMAN**<br>President |

2

| CARDIS ENTERPRISES INTERNATIONAL, N.V. | CHOSHEN ISRAEL LLC |
|---|---|
| By: _____ <br> AARON FISCHMAN <br> Director | By: _____ <br> AARON FISCHMAN <br> Managing Member |

## GUARANTY

The undersigned hereby irrevocably agrees to guaranty payment of this Note under all the covenants and conditions contained therein, including, without limitation, the waiver of the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. Guarantor hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note. Guarantor shall also be responsible for all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

_____
AARON FISCHMAN
Guarantor

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NASSAU    )

On this 23rd day of February, 2015, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

_____
Notary Public

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20 18