## PROMISSORY NOTE

$250,000.00  
Cedarhurst, New York  
May 4, 2015

**FOR VALUE RECEIVED**, Aaron Fischman ("Payor"), having an address at 445 Central Avenue, Suite 201, Cedarhurst, NY 11516-2026 promise to pay Shalom S. Maidenbaum ("Payee"), having an office at 132 Spruce Street, Cedarhurst, New York 11516 at the aforementioned address or such place as Payee or any holder hereof may from time to time designate, the principal sum of Two Hundred Fifty Thousand Dollars ($250,000.00) together with all interest on the outstanding principal amount at a rate of eight (8%) percent per annum as set forth herein.

Payor is currently involved in a $5 Million raise for an entity to be formed with FIS global payment systems. Upon the earlier of the raising of the first $600,000.00 of said raise or June 15, 2015, *time being of the essence*, Payor shall pay $75,000.00. Thereafter, upon the earlier of the funding of $2 Million to Cardis Enterprises International or its affiliates or July 31, 2015, *time being of the essence*, Payor shall pay the balance of the loan together with any and all accrued interest.

If the Payor shall fail to make the payment as herein provided, or if Payor shall make any assignment for the benefit of creditors, or if meeting of creditors is convened or a committee of creditors is appointed for, or any petition or proceeding for any relief under any bankruptcy, reorganization, arrangement, insolvency, readjustment of debt, receivership, liquidation or dissolution law or statute now or hereinafter in effect (whether at law or in equity) is filed or commenced by or against, the Payor or any property of the Payor, or if any trustee or receiver is appointed for the Payor or any such property, then, and in any such event, in addition to all rights and remedies Payee may otherwise have, all such rights being deemed cumulative and not exclusive and enforceable alternatively, successively and concurrently, the Payee may, at his sole option, declare all amounts owing under this note to be due and payable, whereupon the maturity of the then unpaid balance thereof shall be accelerated and the same, together with all interest accrued thereon, shall be forthwith become due and payable. Immediately upon the occurrence of any event listed in the first sentence of this paragraph, and without any notice to Payor, interest shall accrue on the entire unpaid principal balance of this Note at the rate of sixteen (16%) percent per annum, or the highest rate allowable by law, whichever is less, for said occurrence until paid in full.

Payor waives presentation of this original Note for the payment of the debt required hereunder. The Payor and all endorsers, guarantors and sureties hereof hereby severally waive diligence, demand, presentment, protest and notice of any kind, and assent to extensions of the time of payment, release, surrender or substitution of security, or forbearance or other indulgence, without notice.

This Note may not be changed, modified or terminated orally, but only by an agreement in writing signed by the party to be charged.

In the event the Payee or any holder hereof shall refer this Note to an attorney for collection, the Payors agree to pay, in addition to unpaid principal and interest, all the costs and expenses incurred in attempting or effecting collection hereunder, including, but not limited to, reasonable attorneys' fees, whether or not suit is instituted.

In the event of any litigation with respect to this Note, the Payors waive the right of trial by jury and waives all rights of setoff, claim, counterclaim or defense. The Payors hereby irrevocably consent to the jurisdiction of the courts of the State of New York and any Federal court located in such State in connection with any action or proceeding arising out of or relating to this Note.

This Note shall be governed by the laws of the State of New York.

This Note may be prepaid, in whole or in part, at any time prior to the due date.

In addition to all the obligations set forth hereinabove, and for prior consideration, Payor also undertakes the following obligations, the breach of which shall also be deemed to be a default under this Note, even after said Note has been paid in full, subject to all remedies available to Payee, or any other third-party beneficiary hereunder:

1. Payor represents that at least $2.5 Million of the $5 Million raise with FIS is to be used for the founding and formation of a new entity, currently to be known as Global Payment Network or "GPN."

2. Payor currently anticipates the issuance of founders stock ("Founders Stock") for the new entity of which between 15% and 30% is to be set aside for Payor and his affiliated group. Based upon a calculation of 15% of the Founders Stock going to Payor and his releated group, 4.33⅓% of the total Founders Stock shall be issued to Payor, Aaron Fischman, Avi Tokayer and Shalom Maidenbaum, and 2% is to be issued to Jonathan Stein. These percentages of the Founders Stock so that of the total Founders Stock to be issued to Payor and his related group 13⅓% is to be issued to Stein and 86⅔% to be equally divided between Aaron Fischman, Avi Tokayer and Shalom Maidenbaum.

3. When the first $500,000.00 of the FIS raise is paid to Cardis Enterprises International or its affiliates, $90,000.00 shall be paid to the account of Anthony Montilli together with all accrued interest on the monies owed to account of Anthony Montilli.

IN WITNESS WHEREOF, the maker has duly executed this Note on the date first above written.

_____
AARON FISCHMAN
Payor

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF NASSAU  )

On this 4th day of May, 2015, before me personally came AARON FISCHMAN to me known, who being duly sworn, did depose and say that he resides in Woodmere, New York, that he executed the foregoing instrument and acknowledged to me that he did the same.

JONATHAN A. STEIN
Notary Public, State of New York
No. 02ST4755192
Qualified in Nassau County
Commission Expires February 28, 20__

_____
Notary Public

J:\Documents\AF\$250K Note - 5-4-15.wpd

2