**EXHIBIT 7**

## AGREEMENT

AGREEMENT made this 8th day of December, 2010, by and between Cardis International Ltd., Choshen Israel Group, LLC and Aaron Fischman (collectively "Cardis") having an address c/o Choshen Israel Group, LLC ("Choshen"), located at 445 Central Avenue, Cedahurst, New York 11516, and Shalom Maidenbaum ("Maidenbaum"), having an office address at 132 Spruce Street, Cedarhurst, New York 11516.

## W I T N E S S E T H:

WHEREAS, Aaron Fischman ("Fischman") has obtained investment and loans from Maidenbaum for the continued operation of Cardis; and

WHERAS, Fischman represents that Choshen is owned one hundred percent (100%) by Fischman and Avi Tokayer ("Tokayer"), having an address at Ranana, Israel, and is likewise jointly controlled by them; and

WHEREAS, to date, Maidenbaum has advanced $1,625,000.00 in personal funds to Choshen for the benefit of Cardis, consisting of $850,000.00 in direct stock purchases from Choshen of Cardis stock and the issuance of like warrants at an equal cost, and $775,000.00 as loans to Cardis, due and payable on December 15, 2011 (the "Loan Amount"); and

WHEREAS, the Loan Amount is secured by a Promissory Note (the "Note"), which is annexed hereto and made a part hereof; and

WHEREAS, Fischman and Cardis acknowledge that solely through Maidenbaum's various introductions, and in particular Jonathan A. Stein ("Stein"), Cardis has been able to gain access to a renowned banking industry analyst, and through that person, an investment banking relationship with Merrill Lynch/Bank of America; and

WHEREAS, Fischman represents that directly or indirectly he and Tokayer, individually or through corporate affiliates, partnerships and family members (the "Related Group"), or through entities in which they have any interest, beneficially own Cardis shares and warrants in the amount of approximately twenty-five percent to thirty percent (25% - 30%) of the issued and outstanding shares of Cardis Stock; and

WHEREAS, the parties desire to set forth their agreement with respect to Maidenbaum's ownership rights and Cardis' loan obligations to Maidenbaum; and

WHEREAS, Maidenbaum has agreed to lend or obtain or invest additional capital in the amount of $250,000.00; and

WHEREAS, Fischman and Cardis represent that there are no loans recorded on the books and records of Cardis from the Related Group or any individual or entity that is part thereof; and

**WHEREAS**, Fischman and Cardis represent that no individual or entity that is included in the Related Group owns or is presently entitled to warrants, stock options, debt or convertible debt in Cardis; and

**WHEREAS**, Tokayer and Cardis represent that the books and records of Cardis presently reflect that Maidenbaum owns 8,263,762 shares of Cardis stock and 6,763,238 warrants to purchase an additional 6,763,238 shares of Cardis stock at twenty-five cents (25¢) per share through and including August 31, 2010, for a combined total of 15,000,000 shares if and when Maidenbaum fully exercises said warrants ("Maidenbaum Issued Shares"); and

**WHEREAS**, the books and records of Cardis do not reflect the approximately 5,000,000 shares of Cardis, already outstanding, but not previously issued, and previously earmarked for the equal benefit of Fischman, Tokayer, Maidenbaum and Stein are not affected by this agreement, and any shares issued or provided for hereunder are in addition to, rather than in place of, said shares; and

**WHEREAS**, in connection with the agreement between the parties hereto, any like shares designated for distribution, other than to a *bona fide* purchaser or investor shall likewise be equally divided between Fischman, Tokayer, Maidenbaum and Stein, other than the shares issued and provided for under this agreement.

**NOW THEREFORE**, in consideration of the foregoing, the adequacy of consideration for which is hereby mutually acknowledged, the parties agree as follows:

1. On or before January 31, 2011 Fischman shall cause the delivery of sufficient shares from Choshen, Fischman, Tokayer and/or Cardis, calculated to raise Maidenbaum's Fully Issued Shares to an amount equal to at least one-half the total of the combined holdings of the Related Group. By way of example, if the total combined holdings of the Related Group is twenty-five percent (25%) of the fully diluted and issues shares of Cardis, and is equal for this example to 50,000,000 shares, then Maidenbaum shall be delivered an additional 10,000,000 shares of Cardis so that he owns twelve and one-half percent (12.5%) or 25,000,000 of the fully diluted and issued shares of Cardis.

2. Maidenbaum shall deem $100,000.00 of the Loan Amount due as an additional investment in Cardis reducing the Loan Amount balance from $650,000.00 to $550,000.00.

3. The Loan Amount shall be immediately due and payable upon the occurrence of any of the following events:

>   (a) Cardis obtaining investment capital through any private placement in excess of $1,000,000.00. For the purposes of this agreement

$1,000,000.00 shall include the combined aggregate fo all individual family members, affiliated corporate and partnership entities of such family members. For purposes of this agreement, Private Placement shall include any financing obtained from an individual, family, group, investment banker, retail brokerage house, venture capital fund and/or a corporate or partnership entity. In addition it shall include any funds raised through an introduction by Merrill Lynch/Bank of America;

(b) The voluntary or involuntary filing of a dissolution or bankruptcy of Cardis;

(c) The failure to deliver to Maidenbaum shares and/or warrants due to Maidenbaum after ten (10) days of due written demand by Maidenbaum;

4. Fischman agrees that:

(a) He shall simultaneously cause any future shares, options, warrants or convertible debt that may from time to time accrue for the benefit of or be issued and/or distributed to any individual or entity that is part of the Related Group to be distributed or issued as the case may be directly to Maidenbaum and Stein as to a fifty percent (50%) share of such distribution. The intent of the parties is that Maidenbaum's and Stein's beneficial interest shall not be diluted to any less than (i) as to Maidenbaum, fifty percent (50%) of the aggregate combined shares of the Related Group, and (ii) as to Stein, any less than his pro-rata percentage owned by Stein after the delivery to him of his allocation of the approximately 5,000,000 shares referred to in paragraph 6, together with the shares and warrants due to Stein as of the date hereof.

(b) To the extent he or any of the Related Group members are a party to a private sale of Cardis shares to any investor or third party, Maidenbaum shall be entitled to participate in fifty percent (50%) of the sale above and beyond the Loan Amount due in

paragraph 2. Such sale shall be on no less than ten (10) day's notice in the manner specified in this agreement.

(c) To the extent warrants expire for Maidenbaum or any of the people he introduced Fischman shall cause the extension of such warrants for three (3) successive three (3) year periods.

5. All notices or other communications pursuant to this agreement shall be given in writing, served upon a party at the addresses set forth above, by (a) hand delivery or (b) by overnight courier at their addresses set forth above, with additional notices as follows or (c) facsimile transmission and e-mail:

<u>To Cardis</u>:

Cardis International, Ltd.
c/o Choshen Israel Group, Ltd.
445 Central Avenue, Suite 201
Cedarhurst, NY 11516-2026
<u>Attention</u>: Aaron Fishman
E-mail: aaron@choshenisr.com
Facsimile: (516) 374-3361

with copy to

Lawrence Katz, Esq.
445 Central Ave Unit 201
Cedarhurst, New York 11516
E-mail: lkatz@lawkatz.com
Facsimile: (516) 706-2402

<u>To Maidenbaum</u>:

Shalom S. Maidenbaum
132 Spruce Street
Cedarhurst, New York 11516-1914
E-Mail: ssmspruce@aol.cm
Facsimile: (516) 569-8105

with copy to

4

Jonathan A. Stein, Esq.
Jonathan A. Stein, P.C.
132 Spruce Street
Cedarhurst, New York 11516-1915
E-mail: jonsteinlaw@gmail.com
Facsimile: (516) 295-0957

or to such other address or to the attention of such other person as hereafter shall be designated.

6. This agreement sets forth the entire agreement and understanding of the parties with respect to the transaction contemplated herein and supersedes all prior agreements and understandings related to the subject matter hereof. It is further agreed that the within agreement and any exhibit annexed hereto are the result of extensive negotiations between the parties. It is understood and agreed that both parties shall be deemed to have drawn these documents in order to avoid any negative inference by any court as against the preparer of this agreement, i.e., the parties expressly waive invocation of the doctrine of *contra proferentum*. Notwithstanding the foregoing, the allocation of approximately 5,000,000 shares on September 2, 2010 is not superceded by this agreement and shall be delivered along with and in addition to the amounts set forth in paragraph 1 herein.

7. All the terms and provisions of this agreement shall be binding upon and inure to the benefit of and by the respective parties, their heirs, assigns, executors, administrators, legal representatives and successors-in-interest to their property.

8. This agreement may be amended, modified or cancelled and any of the provisions hereof may be waived, only by a written instrument executed by the parties hereto, or in the case of a waiver, by the party waiving compliance.

9. This agreement shall be governed and construed in accordance with the laws of the State of New York, where it was made. Any action or proceeding commenced concerning the subject of this agreement shall be commenced in the Supreme Court of the State of New York held in and for the County of Nassau, or in the United States District Court for the Eastern District of New York, Long Island Annex. In the event a dispute among the parties must be resolved by litigation, the prevailing party in such litigation shall be entitled to reimbursement from the other party of its reasonable attorneys' fees, court costs, and other reasonable expenses in connection with the litigation.

10. If any of the provisions of this agreement are held to be invalid by any court, the invalidity of said provision shall not invalidate any others. Moreover, if any one or more of the provisions of this Agreement are held to be excessively broad as to duration, activity or subject, such provision shall be construed by limiting and reducing them so as to be enforceable to the maximum extent allowed by applicable law.

11. Fischman hereby personally agrees to to defend, hold harmless and expeditiously indemnify Maidenbaum from any and all liability or action, whether in law or in equity, in any manner arising out of the representations and warranties made to Maidenbaum in this agreement or fro any breach or violation of any warrant covenant contained in this agreement, including reasonable attorneys' fees and other reasonable costs incurred in the defense of any legal proceeding asserting such a claim.

12. This agreement may be signed in counterparts and is fully enforceable as soon as it is signed by anyone on behalf of Cardis and Shalom S. Maidenbaum.

**IN WITNESS WHEREOF**, the parties have executed this agreement on the date first above written.

**CARDIS ENTERPRISES INTERNATIONAL, B.V.**

By: _____
AARON FISCHMAN
Treasurer

**CHOSHEN ISRAEL GROUP, LTD.**

By: _____
AARON FISCHMAN
President

_____
AARON FISCHMAN
Individually

_____
SHALOM S. MAIDENBAUM

_____
JONATHAN A. STEIN