**BERRY LAW PLLC**
745 Fifth Avenue, 5th Floor
New York, New York 10151
Phone: (212) 355-0777
Eric W. Berry
berrylawpllc@gmail.com

**TARTER KRINSKY & DROGIN LLP**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
Michael Z. Brownstein, Esq.
mbrownstein@tarterkrinsky.com

*Attorneys for defendants Jonathan A. Stein
   and Shalom Maidenbaum*

Hearing Date & Time:
**February 6, 2024   9:00 am**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
POUGHKEEPSIE DIVISION

---------------------------------------------------------X
*In re* AARON FISCHMAN, LLC,

                  Debtor,

---------------------------------------------------------X
YOEL WEISSHAUS,

                  Plaintiff,

  - against -

JONATHAN A. STEIN, and SHALOM
MAIDENBAUM, in his individual and official
capacity on behalf of CARDIS ENTERPRISES
INTERNATIONAL B.V. and CARDIS
ENTERPRISES INTERNATIONAL N.V. and
CARDIS ENTERPRISES INTERNATIONAL
(USA), INC.,

        Creditors-Defendants,

  - and -

AARON FISCHMAN**,**

        Nominal Defendant.
---------------------------------------------------------X

Chapter 11

Case No.  23-36038 (CGM)

Adversary Proceeding  23-09024 (CGM)

# MAIDENBAUM'S OBJECTION TO FISCHMAN'S MOTION TO STAY AND ENJOIN HIS CREDITORS FROM PROSECUTING THEIR CLAIMS

Defendant Shalom S. Maidenbaum, by his undersigned attorneys, objects to Defendant Aaron Fischman's motion to stay and enjoin his creditors from prosecuting their claims ("Fischman's motion") (Case No. 23-36038-cgm, ECF 29 , AP No. 23-9024-cgm, ECF 7) and states in support of his objection:

1. Fischman's motion should be denied with prejudice.

2. Maidenbaum is a judgment creditor of Aaron Fishman, who filed the bankruptcy case (Case No. 23-36038-cgm) with which plaintiff Yoel Weisshaus' adversary proceeding (AP No. 23-9024-cgm) is associated.  Maidenbaum's judgments against Fischman, which were filed in the office of the Nassau County Clerk, are:

> (a) *Maidenbaum v. Cardis Enterprises International, B. V., et al.,* Index No. 604610/2016 in the principal amount of $2,576,446.78 jointly and severally against Cardis B.V., Cardis N.V., Cardis USA, Choshen Israel, LLC ("Choshen") and Aaron Fischman, entered on June 21, 2016.

> (b) *Maidenbaum v. Cardis Enterprises International, B. V., et al.,* Index No. 604766/2016 in the principal amount of $355,542.98 jointly and severally against Cardis B.V., Cardis N.V., Cardis USA, Choshen and Fischman, entered on June 28, 2016.

> (c) *Maidenbaum v. Fischman,* Index No. 604767/2016 in the principal amount of $285,500.17 against Fischman, entered on June 28, 2016.

> - and-

> (d) *Maidenbaum v. Fischman,* Index No. 604768/2016 in the principal amount of $57,054.85 against Fischman, entered on June 28, 2016.

## A. INTRODUCTION

3. The bankruptcy case associated with plaintiff Yoel Weisshaus's adversary proceeding is the *fourth* bad faith bankruptcy filed by, or for the benefit of, Fischman since May 8, 2023.

Like the prior three, Fischman's newest bankruptcy case, is motivated by Fischman's need to avoid a Court-ordered deposition in Maidenbaum's collection proceeding, and evade post-judgment discovery orders by Nassau County Supreme Court Justice R. Bruce Cozzens. Justice Cozzens held Fischman in criminal contempt on April 25, (**Exhibit 1**.) That ruling prompted the first of these bad faith filings, which was made on May 8, 2023, the eve of that appearance.

4. On November 30, 2023, this Court granted Maidenbaum's motions to dismiss prior bankruptcy cases filed by both Fischman, *see In re Aaron Fischman*, Case No. 23-35660-cgm (Bankr., S.D.N.Y.), at [ECF 60](), and Choshen Israel, LLC, one of Fischman's companies, *see In re Choshen Israel, LLC*, Case No. 23-35636-cgm (Bankr., S.D.N.Y.), at [ECF 58](). The dismissal of Fischman's prior case was with prejudice. Case No. 23-35660-cgm (Bankr., S.D.N.Y.), at [ECF 60]().

5. Following those dismissals, on November 30, 2023 Justice Cozzens entered an order reactivating the contempt proceeding against Fischman and ordering him to appear in Court for his deposition and document production on December 20, 2023. (**Exhibit 2**.)

6. On December 19, 2023, two days before Fischman was to appear in Justice Cozzens, he *yet another* bankruptcy case—that associated with Weisshaus' adversary proceeding. *In re Aaron Fischman*, 23-36038-cgm (Bankr., S.D.N.Y.)[1] That filing directly contravened the "with prejudice" dismissal of Fischman's prior case.[2]

7. Fischman then defied Justice Cozzens order that he appear in Court on December 21, 2023. At the appearance that Fischman failed to attend that day, Justice Cozzens recognized that

---

[1]Maidenbaum intends to move promptly to dismiss Fischman's newest bankruptcy case.

[2]*In re Aaron Fischman*, Case No. 23-35660-cgm (Bankr., S.D.N.Y.), at [ECF 60]().

3

the automatic stay was not in effect, given Fischman's two prior bankruptcy cases within the previous year. (*See* Point I, *infra*.) Justice Cozzens then issued a warrant for Fischman's arrest an incarceration based on his non-appearance. (**Exhibit 3**.) Nassau County and Sullivan County law enforcement have yet to apprehend Fischman or execute the arrest warrant, and Fischman remains at large.

8. This adversary proceeding by plaintiff Yoel Weisshaus is a collateral attack on Maidenbaum's judgments. The validity of Maidenbaum's judgments and the promissory notes and confessions of judgment underlying them, as well as the sufficiency of the consideration Maidenbaum provided for the promissory notes is set forth in, and appended to, Maidenbaum's Answer, Counterclaim and Cross-claim in the adversary proceeding. Case No. 23-9014, ECF 15, ¶¶127-154; ECF 15-1 through ECF 15-16. As shown below, Weisshaus is not a legitimate, arms-length or *bona fide* creditor of Fischman, and this adversary proceeding was concocted in collusion with Fischman to facilitate Fischman's abusive bankruptcy strategies intended to evade Justice Cozzens' orders and Maidenbaum's collection efforts. Weisshaus' role is similar to that of Ahron Berlin, who filed a collusive, bad faith and immediately dismissed[3] involuntary petition against Fischman on May 8, 2023—the eve of Fischman's original Court-ordered appearance before Justice Cozzens in the contempt proceeding.

---

[3] *In re Aaron D. Fischman*, Case No. 23-35368-cgm (Bankr., S.D.N.Y.), ECF 18

B. **ARGUMENT**

**Point I**

**11 U.S.C. 362(c)(4)(A)(i) Applies Notwithstanding
the Alleged Involuntary Nature of the
Original Bankruptcy Case Filed By Berlin**

9. 11 U.S.C. 362(c)(4)(A)(i) provides "(i) if a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case[.]" This is Fischman's third case since May 8, 2023, and the automatic stay does not apply. (The previous two were *In re Aaron D. Fischman*, Case No. 23-35368-cgm (Bankr., S.D.N.Y.), which was dismissed on July 11, 2023 (*id.*, ECF 18 ) and *In re Aaron Fischman*, Case No. 23-35660-cgm (Bankr., S.D.N.Y.), which was dismissed with prejudiced on November 30, 2023 (*id.,* ECF 60).)

10. Fishman argues that his first bankruptcy case, *i.e.*, that filed by Berlin on May 8, 2023 under Case No. 23-35368-cgm, should not "count" for purposes of 11 U.S.C. §362(c)(4)(A)(i), because it was an involuntary case. Fischman's argument is wrong, and this Court previously rejected that argument when Fischman made it earlier.[4] *Dobrer v. PennyMac Corp.*, 2018 WL 6437068 (E.D.N.Y., Dec. 7, 2018) addressed exactly the same argument Fischman is making, and held:

---

[4]On November 21, 2023, this Court held: "Here, the Debtor had an involuntary case filed against him and dismissed within the previous year. The language of the statute indicates that even if the case is filed against the Debtor, it counts as a previously filed case for purposes of § 362 (c)(3)." **Exhibit 4**, at 11:21-25.

> [A]ppellant claimed, without citing any authority, that the January 2017 petition should not have "counted" under §362(c)(4)(A)(i) *because it was involuntary, and thus, the automatic stay should have gone into effect after the third petition*. Judge Craig rejected this argument, pointing out that § 362(c)(4)(A) was meant to 'prevent the automatic stay from being invoked multiple times,' and 'putting a creditor in a position where they have to seek preclusive relief.' Because the automatic stay took effect when the first two petitions were filed, the automatic stay did not attach when the appellant filed her third petition in October 2017.

*Id.*, *1 (emphasis added).

11. Fischman overlooks that the statutory language §362(c)(4(A)(i) is mandatory— *i.e.*, "the stay under subsection (a) shall not go into effect upon the filing of the later case[.]" *Villareal v. Seneca Mortgage Servicing, LLC*, 2016 WL 866282, *4 (Bankr., E.D. Cal., March 7, 2016) ("The statute's language is mandatory, not permissive: it requires that an automatic stay "shall not go into effect upon the filing of the later case.") Also, §362(c)(4)(A)(ii) provides that "on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect" in connection with the filing of the third case. That, too, is mandatory language and automatically applicable. *Villareal*, *supra* ("Put another way, a party may, but is not obligated to, request that the bankruptcy court clarify that no automatic stay exists. * * * Plaintiffs' interpretation—that a creditor is required to seek a lifting of the automatic stay—would read this language out of the statute and make the existence of an automatic stay discretionary on the part of the court.")

## Point II

### Fischman's Request for an Injunction and Stay Should be Denied Since December 19, 2023 Bankruptcy Filing Was Not in Good Faith

12. 11 U.S.C. §362(c)(4)(B) provides that a Court can order a stay in the third bankruptcy case "only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed."

**(a) The Associated Bankruptcy Case Was Not Filed in Good Faith**

13. Fischman's third bankruptcy case, that filed on December 19, 2023, was not filed in good faith. Instead, Fischman commenced it in direct defiance of the "with prejudice" dismissal of his previous case. *James v. Well Life Network Incorporated*, 2023 WL 3997264, *2 (E.D.N.Y., June 14, 2023) ("dismissal of the complaint with prejudice mean[s] that the plaintiff cannot re-file the action even if he uses the correct procedures"). *In re Casse*, 219 B.R. 657 (Bankr., E.D.N.Y. 1998), *aff'd* 198 F.3d 327 (2d Cir. 1999) held, in language equally applicable here, that:

> At the hearing on the . . . motion to dismiss . . . there was no question that cause existed to dismiss the case with prejudice. . . . [T]he cause was patent and quite clear to all present. The Debtor's history of strategically-timed, meritless Chapter 11 cases, filed solely to obtain the benefit of the Bankruptcy Code's automatic stay . . . was obvious.

*Id.* at 663.

**(b) Fischman's Listing of Fictitious Assets Reveals that He Cannot Possibly Reorganize**

14. Fischman's schedules and Statement of Financial Affairs in his current bankruptcy case contain numerous false representations. For example, on his Schedule A/B, Fischman asserts he has "approx 1 million employee/executive options estimated to be worth

7

approximately $5.00," for total value of "$5,000,000" that were granted by a company called Ultimax. ECF 16, Schedule A/B, p. 6 of 17, Response to Item 19. At his creditors' meeting[5], Fischman testified that *he didn't know* whether he was in possession of written option contracts granted by Ultimax, and acknowledged that the alleged options were worthless unless Ultimax completed an initial public offering. However, Ultimax already withdrew its planned IPO on March 31, 2023. (**Exhibit 5**.) In Fischman's previous bankruptcy, the Schedules he filed just three months ago asserted that his interests in Ultimax were worth only *$1 million*—not $5 million. *In re Aaron Fischman*, Case No. 23-35660-cgm, ECF 51, Schedule A/B, p. 11 of 33, Response to Item 19. Fischman's allegations that he owns stock options from Ultimax worth $5 million are not credible and should be disregarded.[6]

15. Fischman's schedules in his new bankruptcy case state that he owns a $4 million apartment in Jersualem. ECF 16, Schedule A/B, at p. 4 of 17, Response to Item 1.2. However, that apartment was sold in September 2023 following a foreclosure proceeding by the Bank of Jerusalem, and the entire sale proceeds were paid to the bank, Maidenbaum and Fischman's other creditors, and Fischman no longer has any claim to that asset. *See* the September 19, 2023 and September 23, 2023 orders by the Israel court, in both the original Hebrew and translated into English, approving the sale. (**Exhibit 6**.)

16. Considered together, Fischman's false claims that he owns valuable stock options and a $4 million apartment in Israel means that he has overstated his assets by $9 million—out

---

[5]Maidenbaum recently ordered the transcript for the meeting and will provide it to the Court when it is obtained.

[6]None of Ultimax's Form S-1 filings with the SEC discloses that Fischman had stock options granted by Ultimax. *See*, *e.g.,* the Ultimax S-1 filed on January 27, 2023. https://www.sec.gov/Archives/edgar/data/1878543/000147793223000570/ultimax_s1a.htm

of the $9,269,000 in total assets he alleges— and cannot actually reorganize.  ECF 16, Official Form 106Sum, at pp. 1 of 17, in Response to Item 1.  *Cf. In re New Boston Coke Corp.*, 299 B.R. 432, 441 (Bankr., E.D. Mich. 2003) (denying fee application by Chapter 11 counsel since "Foley & Lardner became aware . . . that the values of the assets as set forth in the schedules were overstated" and therefore "the Debtor had no possibility of reorganization").

**(c)  The Associated Bankruptcy Was Filed for an Improper Purpose**

17.  Fischman's new bankruptcy case is intended to obstruct Maidenbaum's judgment collection efforts and evade his arrest and incarceration as ordered by Justice Cozzens.  That is a prohibited use of the bankruptcy courts.  *In re Sanders*, 408 B.R. 25, 33-34 (Bankr., E.D.N.Y. 2009) (*Rooker-Feldman* doctrine prohibited bankruptcy court review of mortgage foreclosure judgment); *Rouse v. Nessel*, 2022 WL 13631916, *2 (6th Cir., July 11, 2022) (*Rooker-Feldman* precludes federal attack on arrest warrant issued in child custody case).

18.  In dismissing two previous bankruptcy cases, *In re Aaron Fischman*, Case No. 23-35660-cgm and *In re Choshen Israel LLC*, Case No.23-35636-cgm (Bankr., S.D.N.Y.) *and Choshen* case, the Court found they had been filed in bad faith.  November 21, 2023 Transcript in *In re Choshen* (**Exhibit 7**), at 25:4-9 ("The timing of the filing evidences an intent to delay and frustrate Mr. Maidenbaum, and i[t] [i]s clear that this is [] case and Mr. Fischman's case were filed as a part of a scheme to prevent the collection activities of  Mr. Maidenbaum in State Court.")   The Court's prior findings—that Fischman's previous bankruptcy was filed on the eve of a state court event Fischman wished to avoid, that Fischman's bankruptcy cases concerns what is essentially his two-party dispute with Maidenbaum and Fischman and that Fischman

9

can't possibly reorganize[7]—are as true now as they were when this Court dismissed the previous case based on Maidenbaum's meritorious arguments. *I.O.B. Realty, Inc. v. Patsy's Brand, Inc.*, 2020 WL 5518230, *8 (S.D.N.Y., Sept. 13, 2020) ("with prejudice dismissal" is "an adjudication on the merits").

### (d) Weisshaus is Not A Legitimate Creditor, and His Claims Were Concocted to Assist Fischman's Bad Faith Strategies

19. Weisshaus, who filed this adversary proceeding, is not a legitimate creditor of Fischman. Instead, his claim against Fischman was concocted solely for Fischman's strategic purposes. Weisshaus' activities reveal that the involuntary case by Berlin filed on May 8, 2023 (under Case No. 23-35368-cgm) was collusive. Weisshaus' activities further reveal that Berlin, Weisshaus, Berlin's daughter Feige Zaretsky and Huebner are part of a coterie that has colluded to cause sham filings in this Court to assist Fischman in evading Justice Cozzens orders and Maidenbaum's collection efforts.

20. Weisshaus is an occasional paralegal and errand runner for Levi Huebner. *See* the certificate of service executed by Weisshaus in *Huebner v. Midland Credit Management, Inc.*, Sup. Ct., No. 18-. **Exhibit 8.** Huebner is Fischman's long-time attorney and represents Fischman in the contempt proceeding that resulted in the warrant for Fischman's arrest. *See* **Exhibit 2.** Weisshaus is a plaintiff in various consumer-type actions filed by Huebner. *E.g.*, *Weisshaus v. Port Authority of New York and New Jersey*, 2023 WL 3603414, *1 (E.D.N.Y., May 23, 2023) ("Levi Huebner, Levi Huebner & Associates, PC, Brooklyn, NY, for Plaintiff.");

---

[7]*In re Stamford Color Photo, Inc.*, 105 B.R. 204, 208 (Bankr., D. Conn. 1989) (bad faith filing found where there was no possibility of reorganization and "it is apparent that one of the primary purposes of the petition was to flaunt the November 28, 1988 state court order")

*Weisshaus v. Cuomo*, 512 F.Supp.3d 379, 385 (E.D.N.Y. 2021) (noting the appearance of "Eugene Lynch," who is Huebner's associate, on behalf of Weisshaus, *see* **Exhibit 14**, at p. 2). Weisshaus also appeared as an advocate for Huebner before a Rabbinical Tribunal in *Huebner v. Sarah Dabah School Inc.*, 2016 WL 6567988, *1 (Sup. Ct., Kings Co., July 7, 2016) (confirmation proceeding). Weisshaus uses Huebner's office address, *i.e.*, 488 Empire Boulevard, Brooklyn, New York 11225, as his personal address on correspondence, such as a November 21, 2021 letter to the Woodbridge, New York police department. **Exhibit 9**. Huebner has notarized Weisshaus' documents in this case. *E.g.*, Case No. 23-9024, ECF 6, at p. 2.

21. According to Weisshaus's proof of claim, Claim 1-1, and the attached documents, Weisshaus loaned Fischman between $17,990 and $64,515 during the last three months of 2023 and received, in consideration of these loans, three separate promissory notes, executed on September 29, 2023 (*id.*, Claim 1-1, Attachment 1), October 6, 2023 (*id.*, Claim 1-1, Attachment 3) and December 18, 2023 (*id.*, Claim 1-1, Attachment 4). The first two notes were executed by Fischman *during* his previous bankruptcy case, *i.e.*, that which was dismissed on November 30, 2023. Nevertheless, in Fischman's schedules and Statement of Financial Affairs in that previous case, which were filed on October 27, 2023, he did not list Weissman as a creditor or lender, or refer to him at all. Case No. 23-35660, ECF 51.

22. On November 24, 2023, Weisshaus a complaint in Supreme Court, Sullivan County in which he sought to recover the amount allegedly owed by Fischman. **Exhibit 10**. That was three days after this Court's decision, as set forth on the record on November 21, 2023, dismissing Fischman's previous bankruptcy case. *See In re Aaron Fischman*, 23-35660-cgm

(Bankr., S.D.N.Y.), ECF 60.

23. The affidavit of service of Weisshaus' summons and complaint against Fischman in the Sullivan County action was signed by Feige Zaretsky, who states in that affidavit that on November 28, 2023 she served Fischman at a residence in Brooklyn that was not his own. **Exhibit 11**. Zaretsky, the alleged process server, is the daughter of Aron Berlin, who commenced the original collusive involuntary bankruptcy case against Fischman on May 8, 2023.[8] *See* the excerpt from a Second Circuit brief filed in *Zaretsky v. Maxi-Aids*, Case No. 12-3126 (2d Cir.) (**Exhibit 12**, at p. 2) ("This case is an attempt by pro se Plaintiff-Appellant Aaron Berlin and his daughter, *pro se* Plaintiff-Appellant Feige Zaretsky (collectively "Plaintiffs"), to frustrate the enforcement of a state court judgment against them. . . .")

24. After allegedly being served (by Zaretsky), Fischman did not appear or file an answer in Weisshaus's Sullivan County action.

25. On November 30, 2023, in the contempt proceeding, Justice Cozzens ordered Fischman to appear in Court for his deposition and document production on December 21, 2023, or face arrest and incarceration. **Exhibit 2**.

26. On December 19, 2023—two days before Fischman was to appear in Justice Cozzens' Courtroom for the Court-ordered deposition and document production in Maidenbaum's contempt proceeding against Fischman—Fischman filed this case, *i.e.*, Case No. 23-36038, that associated with Weisshaus and Fischman's third case.

27. Also, on December 19, 2023, in Weisshaus' Sullivan County action against Fischman, Weisshaus filed an affidavit of mailing of an additional copy of the summons and

---

[8] As noted, Berlin's involuntary case against Fischman was dismissed on July 11, 2023.

12

complaint upon Fischman pursuant to CPLR 3215(g)(4). (**Exhibit 13**.) The affidavit of mailing, like the affidavit of service of Weisshaus' summons and complaint against Fischman, was signed by *Zaretsky*, the daughter of Berlin, the individual who commenced the original collusive involuntary case against Fischman on May 8, 2023. *Id.*

28. Despite Fischman's alleged default and the Sullivan County action by Weisshaus against Fischman, Weisshaus claims that he loaned Fischman an additional $30,000 on December 18, 2023. Claim 1-1, [Attachment 4](#)) If these prior loans were not sham conduct and the Sullivan County action not a collusive proceeding, Weisshaus' loan of an additional $30,000 to Fischman on December 18, 2023 would be entirely irrational.

29. Based, *inter alia*, on Zaretsky's affidavit of mailing, on December 22, 2015, a default judgment was entered in Weisshaus' favor and against Fischman in the Sullivan County action, in the amount of $34,515. (**Exhibit 14**.)

30. The activity of Berlin's daughter, Zaretsky, as a process server for Weisshaus shows that individuals known to each other—Huebner, Berlin, Zaretsky and Weisshaus—colluded in sham filings in this Court and in Sullivan County to identify first Berlin, and now Weisshaus, as creditors of Fischman for the sole purpose of furthering Fischman's bankruptcy strategy aimed at evading Justice Cozzens orders, obstructing Maidenbaum's collection efforts and misusing the bankruptcy proceess. Weisshaus' claim will inevitably disallowed. [*Pepper v. Litton*](#), 308 U.S. 295, 310 (1939) ("disallowance of such claims will be ordered where they are fictitious or a sham" and *id.*, at 305 ("the mere fact that a claim has been reduced to judgment does not prevent . . . an inquiry" into its validity).

## Point III

### The Lack of Merit Militates in Favor
### of Denying the Requested Relief

31. Weisshaus' adversary complaint purports to collaterally attack Maidenbaum's judgments, seven and one-half years after they were entered. The validity of those judgments (and the promissory notes and confessions of judgment underlying them), as well as the sufficiency of the consideration Maidenbaum provided for the promissory notes he received from Fischman, is established by the evidence cited in, and appended to, Maidenbaum's Answer, Counterclaim and Cross-claim in the adversary proceeding. Case No. 23-9014, ECF 15, ¶¶127-154; ECF 15-1 through ECF 15-16. Following the dismissal of the Fischman's newest bankruptcy case, the Court will inevitably abstain from Weisshaus' adversary proceeding. *Chapman v. Currie Motors, Inc.*, 65 F.3d 78, 81-82 (7th Cir.1995) ("[W]hen the bankruptcy proceeding is dismissed, the adversary claim (when based solely on state law) is like the cartoon character who remains momentarily suspended over a void, spinning his legs furiously, when the ground has been (quite literally) cut out from under him. . . [.] The Court ought to . . . relinquish jurisdiction over the adversary claim . . . if no possible federal interest . . . would be served by retention.")

124. Given the inevitable dismissal of the bankruptcy case and abstention order in the adversary proceeding, injunctive relief should not be granted by this Court. *Nuran Inc. v. City of Dallas*, 2022 WL 2078213, *5 (N.D. Texas, June 9, 2022) ("Because the Court finds its likely that it will abstain from this matter pursuant to the *Younger* abstention doctrine, the Court DENIES Nuran's motion for a preliminary injunction and temporary restraining order.")

## C. CONCLUSION

For the foregoing reasons, the motion should be denied it its entirety, and this Court should grant such other relief as it deems just and proper.

Dated: New York, New York
       January 30, 2024

Berry Law PLLC

By: /s/Eric W. Berry

———————————
    Eric W. Berry
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777
berrylawpllc@gmail.com

Tarter Krinsky & Drogin LLP

By: /s/Michael Z. Brownstein

———————————
    Michael Z. Brownstein
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
mbrownstein@tarterkrinsky.com

*Attorneys for defendants Jonathan Stein and Shalom Maidenbaum*