

# EXHIBIT 4

```
                UNITED STATES BANKRUPTCY COURT
                SOUTHERN DISTRICT OF NEW YORK
----------------------------X Case No.: 23-35660
IN RE:                        Chapter 13

AARON FISCHMAN,               355 Main Street
                              Poughkeepsie, NY 10601
              Debtor
----------------------------X November 21, 2023
                              9:00 a.m.- 9:33 a.m.
```

**23-35660-cgm** Aaron Fischman *Chapter 13*


Dawn Kirby and Julie Cvek Curley representing Aaron Fischman
(Debtor) Thomas C. Frost (Trustee)(no aty) representing
United States Trustee (U.S. Trustee)

Doc# 31 Motion to Stay /Debtors Motion for an Order: (I)
Enforcing the Automatic Stay and (II) Granting the Debtor an
Award of Damages from Violation of the Automatic Stay filed
by Julie Cvek Curley on behalf of Aaron Fischman.
(Attachments: # 1 Exhibit A - Transcript)

Doc# 20 Motion to Convert Chapter 13 Case to Chapter 11
filed by Dawn Kirby on behalf of Aaron Fischman.
(Attachments: # 1 Proposed Order)

Doc# 10 Motion to Extend Deadline to File Schedules or
Provide Required Information
filed by Aaron Fischman. (DuBois, Linda)



     [DOCKET MATTERS AND APPEARANCES CONTINUED ON NEXT PAGE]

                 HONORABLE CECELIA MORRIS
                 UNITED STATES BANKRUPTCY JUDGE



DIGITALLY RECORDED PROCEEDING TRANSCRIBED BY:
Laurie A. Pellitteri, Digital Transcriber
................................................................
                 **American Legal Transcription**
                 **11 Market Street Suite 215**
                    **Poughkeepsie, NY  12601**
               **Tel.(845)452-3090 Fax:(845)452-6099**
                 **www.AmericanLegalTranscription.com**

```
 1   APPEARANCES:

 2   VIRTUAL (ZOOM.GOV) APPEARANCES

 3   FOR THE DEBTOR:          Julie Cvek Curley, Esq.
                              Kirby Aisner Curley, LLP
 4                            700 Post Road
                              Suite 237
 5                            Scarsdale, New York  10583

 6   FOR THE TRUSTEE:         Dennis Jose, Esq.
                              Office of the Chapter 13 Trustee
 7                            Krista Preuss
                              399 Knollwood Road Ste 102
 8                            White Plains, New York  10603

 9   UNITED STATES TRUSTEE:   Alicia M. Leonard, Esq.
                              Leo O' Brien Federal Building
10                            United States Trustee
                              11A Clinton Avenue, Room 520
11                            Albany, New York  12207

12   FOR SHALOM MAIDENBAUM:   Erik W. Berry, Esq.
                              Berry Law PLLC
13                            745 Fifth Avenue
                              Ste 5fl Floor
14                            New York, New York

15                            Michael Z. Brownstein, Esq.
                              Jill L. Makower, Esq.
16                            Tarter Krinsky Drogin, LLP
                              1350 Broadway
17                            11th Floor
                              New York, New York  10018
18
     LISTEN IN MODE:          Linda Tirelli, Esq.
19                            50 Main Street
                              Suite 1265
20                            for Choshen Israel, LLC
                              White Plains, New York  10606
21   DOCKET MATTERS:

22   Doc# 50 Notice of Adjournment of Hearing RE: Declaration In
     Opposition To: (I) Debtors Motion To Enforce The Automatic
23   Stay And (II) Debtors Motion To Convert Case To Chapter 11
     (related document(s)39, 38) filed by Jill L. Makower on
24   behalf of Shalom S. Maidenbaum; hearing not held and
     adjourned to 11/21/2023 at 09:00 AM at Videoconference
25   (ZoomGov) (CGM) .
```

1

2

3

4

5

 Doc# 49 Notice of Adjournment of Hearing RE: Opposition -
 Shalom S. Maidenbaums Opposition To Debtors Motion For An
 Order: (I) Enforcing The Automatic Stay And (II) Granting
 The Debtor An Award Of Damages From Violation Of The
 Automatic Stay (related document(s)31) filed by Jill L.
 Makower on behalf of Shalom S. Maidenbaum; hearing not held
 and adjourned to 11/21/2023 at 09:00 AM at Videoconference
 (ZoomGov) (CGM) .

6  Confirmation Hearing

7

8

9

10

 Chapter 13 341(a) Notice 341(a) meeting to be held on
 9/11/2023 at 11:30 AM at Office of UST (TELECONFERENCE
 ONLY). Confirmation hearing to be held on 10/24/2023
 at 08:59 AM at Videoconference (ZoomGov) (CGM) Last day to
 object to dischargeability of a debt is 11/13/2023. Last day
 to Object to Confirmation 10/16/2023, Proofs of Claim due by
 10/19/2023, (DuBois, Linda).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1                  (Proceeding commences at 9:00 a.m.)

2              THE COURT:  Okay.  The first one on the calendar

3     is 23-35660 Aaron Fischman.  State your name and

4     affiliation.

5              MR. JOSE:  Dennis Jose, Trustee, Judge.

6              MS. LEONHARD:  Good morning, your Honor, Alicia

7     Leonhard for the U.S. Trustee.

8              MR. BERRY:  Good morning, your Honor, Erik Berry

9     for Aaron Fischman.

10             MR. BROWNSTEIN:  No, Erik Berry represents Shalom

11    Maidenbaum, your Honor.

12             MR. BERRY:  I'm sorry, yes, obviously, your Honor,

13    I represent Shalom Maidenbaum.

14             MR. BROWNSTEIN:  Good morning, your Honor, Michael

15    Brownstein, Tarter, Krinsky and Drogin representing Shalom

16    Maidenbaum.

17             THE COURT:  Okay.

18             MS. CURLEY:  Good morning, your Honor, this is --

19    I'm, sorry this is Julie Curley at Kirby, Aisner and Curley

20    appearing for the Debtor Aaron Fischman.

21             THE COURT:  Very good.  What we have here is --

22             MS. TIRELLI:  Good morning, your Honor, I'm sorry,

23    Linda Tirelli.  I am just representing a related party

24    Choshen Israel, LLC, and I am just here to listen in.

25             THE COURT:  Okay, thank you.  We are here -- I

1    don't seem to have a title on this one.  Is this the -- hold

2    on a second.  Help me out.  Who's on first on this one?

3            MS. CURLEY:  Your Honor, this is Julie Curley.  I

4    believe we're here on two motions; one is the motion of the

5    Debtor to convert his case to a Chapter 11 proceeding, and

6    the second motion is to enforce or perhaps confirm the

7    automatic stay in this proceeding.

8            THE COURT:  Okay.

9            MR. BROWNSTEIN:  Your Honor, your Honor, I'm

10   sorry.  This is Mr. Brownstein.  Today is also our motion

11   to -- to dismiss the Chapter 13 case, um --

12           THE COURT:  Okay.  Let me tell you what I've got,

13   and then we'll go from there.  What I have got is there was

14   a Chapter 13 filed with this Court on August the 10th, and

15   there had been a previous involuntary case filed on his

16   behalf, or against him is how an involuntary should be.  The

17   case was dismissed on July the 7th for failure to prosecute.

18   And then one of the Debtor's creditors Shalom Maidenbaum has

19   filed two Proofs of claim in this case; one for five, five,

20   six, two, one, one, three, twenty representing five

21   judgments by concession against the Debtor and several

22   businesses to which he is connected, and this is

23   Mr. Fischman's individual case, and one for 900,000

24   representing fraud in connection with the investments made

25   by Mr. Maidenbaum and several of his Debtor's businesses.

1      Mr. Maidenbaum previously moved this Court to

2  dismiss Debtor's case for bad faith, but did not provide

3  enough information for the Courts to make that

4  determination.

5      And then the Debtor's business Choshen Israel

6  currently has a Chapter 11 pending in this Court.  So

7  Mr. Maidenbaum the Debtor had been -- had been in protracted

8  litigation for some time.

9      In June of 2016, Mr. Maidenbaum commenced action

10  against the Debtor and four co-defendants, Choshen Israel,

11  Cardis Enterprises International BV, Cardis Enterprises

12  International NV, Cardis International USA and in New York

13  Supreme Court, Nassau County.  Mr. Maidenbaum received

14  judgments against the Debtor and the co-defendants.  After

15  receiving the judgments, Maidenbaum -- Mr. Maidenbaum

16  initiated proceeding in Israel to have his New York

17  judgments recognized by the Israeli Court in an effort to

18  enforce them against property Debtor's wife because the

19  property was in the debtor's wife's name, it was believed

20  that the Debtor had actually purchased the property.

21    Mr. Maidenbaum participated in proceedings in Israel to

22  reach such a declaratory judgment.  The Israeli Court

23  ultimately concluded that the property was purchased by the

24  Debtor and replaced Debtor's wife as owner of the apartment.

25      Mr. Maidenbaum successfully attached his judgment

1   to Debtor's property in Israel.  Mr. Maidenbaum then

2   attempted to move forward with his collections effort filing

3   a motion to appoint a receiver to carry out a foreclosure of

4   that apartment in order to enforce his judgments.

5           The Debtor and his wife were not paying their

6   mortgage for the property, and the Debtor's mortgage was

7   foreclosed upon.  The Debtor's mortgagor was foreclosing

8   upon that property.  Mr. Maidenbaum was informed by the

9   Court that the Debtor's mortgage did not believe any

10  creditors other than itself would receive anything from the

11  sale.

12          In February of 2023, Debtor's mortgagor appointed a

13  receiver to continue with the foreclosure.  The mortgage

14  receiver was then faced with several attempts to delay the

15  foreclosure with appeals and attempts to receive injunctions

16  taken by Debtor and his wife.  Despite those efforts, all

17  injunctions and appeals were cleared, and the receiver moved

18  forward with the sale in June of 2023.

19          Moments before the foreclosure action, the receiver

20  was made aware of an action filed by the Debtor's wife

21  against the Debtor with a Rabbinical Court in Jerusalem

22  regarding the couple's supposed divorce.  I put that in

23  quotes.  The receiver was informed of an injunction, but

24  having no proof of such, moved forward with the action.

25          Mr. Maidenbaum was one of the bidders at auction but

did not prevail.  The property was sold to Mr. Daniel Beir

(phonetical) for approximately 3.8 million.

When the receiver moved the Israeli Court the

approve the sale, the Debtor's wife filed another motion to

stop the approval of the sale.  The motion (inaudible) the

aforementioned Rabbinical proceeding and the Choshen Israel

LLC insolvency proceedings in this Court as reasons to stay

the foreclosure.

On August the 13th, 2023, Mr. Maidenbaum filed a

letter with that Court calling the rabbinical proceedings

quote "bogus".  Mr. Maidenbaum assumingly did this out of --

I don't know.  He was neither a party to the matter, nor

represented by the Receiver in any way.

On September the 18th, 2023, the sale was

finalized, and under Israeli Law vacated any rights of

interested parties, including Debtor, the mortgagor and

Mr. Maidenbaum.  Debtor now moves this Court to enforce the

automatic stay and grant the Debtor an award of damages for

Mr. Maidenbaum's violation of the automatic stay.  Debtor

asserts that the proceedings in Israel post-filing,

including Mr. Maidenbaum's unsolicited filing of the letter

characterizing the Rabbinical Court as quote unquote

"bogus," all violate the stay.

Debtor argues that the stay was in place and

continued to be in place.  Mr. Maidenbaum filed opposition

1  stating that the automatic stay did not extend to actions in

2  Israeli Courts because the United States Bankruptcy Court is

3  precluded from exercising control over property of the state

4  located in a Foreign country without the assistance of the

5  Foreign court.

6          Mr. Maidenbaum argues the automatic stay is not

7  recognized in Israel unless an application of Foreign

8  proceeding is submitted to an authorized Court in the State

9  of Israel by a foreign Officer and the Israeli Court

10 exercises its discretion to recognize the foreign insolvency

11 proceeding.

12          Do I have the facts right?  Mr. Berry, you're on

13 mute.  You're on mute, Mr. Berry.

14          MS. CURLEY:  Your Honor, this is Julie Curley.  I

15 don't believe the Debtor has any issues with the facts as

16 stated.  Thank you.

17          THE COURT:  You're off mute.

18          MR. BERRY:  I'm off mute, I'm sorry.  The -- well

19 the one thing that we'd like to emphasize, that from the

20 beginning of 2023 forward, all the activity in Israel was

21 prosecuted by a Receiver who had been appointed prior to the

22 foreclosure and prior to Preliminary -- the Declaratory

23 Judgment and was representative of Bank of Jerusalem, the

24 purchase money lender.

25          We did not control the Bank of Jerusalem.  We were

1  not the active party in those proceedings.  The Bank of

2  Jerusalem was the captioned petitioner of the caption.

3  (Inaudible) the Bank of Jerusalem controlled the post-

4  declaratory judgments events.  The Bank of Jerusalem

5  obtained the order for the sale.  The Bank of Jerusalem

6  supervised the sale.  The Bank of Jerusalem moved for

7  approval of the sale.  The Bank of Jerusalem obtained

8  approval of the sale.  We had no control over this.

9        During the Israeli proceedings, the --

10  Mr. Fischman's lawyer Mr. Barzel (phonetical) acknowledged

11  that we had no control over it.  At one point, the Court

12  character -- the Court in Israel characterized

13  Mr. Maidenbaum as a mere hitchhiker.  We are in position of

14  third position I believe after the bank, after taxes, and

15  there is nothing we could do to stop it.  There is nothing

16  we could do to further it it.  We were not the animating

17  force or the driving force for this -- in this foreclosure

18  case, Bank of Jerusalem was.  We had no control --

19        THE COURT:  I don't believe you were a party even.

20  At least -- were you even a party there?

21        MR. BERRY:  I think we are a named party in some

22  proceedings, but just like, you know, if a bank forecloses

23  in the United States and there is a second, third, fourth

24  lender or -- or a judgment against the -- a pre-existing

25  money judgment against the borrower, they're named as in

1  order to clear up that lien.  We were --

2            THE COURT:  Okay.

3            MR. BERRY:  We were named by the bank.  We did

4  not -- we were not a co-plaintiff with the bank.  In fact,

5  we tried -- in 2022, we tried to have our own Receiver

6  appointed, and the  --

7            THE COURT:  And you were (inaudible)  Okay.  Thank

8  you, Mr. Berry.  You have clarified what I thought.  All

9  right, 11 U.S.C. 362 (a) provides Debtors with an automatic

10  stay from collection efforts on Debtor's -- on debts by

11  creditors.  Section 362 (c)(3) provides, and I'll read it in

12  full:  If a single part -- if a single or joint case is

13  filed by or against a Debtor who is an individual in a case

14  under 7, 11 or 13, and if a single or joint case of the

15  Debtor was pending within the preceeding one year period but

16  was dismissed, the stay under subsection (a) with respect to

17  any action taken with respect to a debt or property securing

18  such debt or with respect to any lease shall terminate with

19  respect to the Debtor on the 30th day after filing of the

20  later case.

21            Here, the Debtor had an involuntary case filed

22  against him and dismissed within the previous year.  The

23  language of the statute indicates that even if the case is

24  filed against the Debtor, it counts as a previously filed

25  case for purposes of 362 (C)(3).  The Debtor's contention

1  that there is currently a stay in place is incorrect.  The

2  stay was in place from August the 10th, 2023 until it

3  terminated automatically on September the 8th, 2023.

4       Section 362 (k)(1) states that individuals injured

5  by willful violation of the automatic stay shall recover

6  actual damages, including attorneys' fees and costs.

7       To recover on an alleged violation of the automatic

8  stay, the Debtor must prove that a bankruptcy petition was

9  filed, the Debtor is an individual, the creditor received

10  notice of the petition, the creditor's actions were in

11  willful violation of the stay, and the Debtor suffered

12  damages.  That's In re Parry 328 B.R. 655, Eastern District

13  of New York 2005.  A willful violation of the automatic stay

14  exits when, a person takes a deliberate act in violation of

15  the stay which the violator knows to be in existence.  Such

16  an act need not be performed with specific intent to violate

17  the stay.  Rather, so long as the violator possessed general

18  intent to take action which have the effect of violating the

19  automatic stay, the intent required is satisfied.  In re

20  Sucre 226 B.R. 340 Southern District of New York 1998.  The

21  provisions of the automatic stay place the responsibility to

22  discontinue any pending collection proceeding squarely on

23  the sole shoulders of the creditor.  In re Sams 106 B.R. 485

24  Southern District of Ohio, 1989.

25       Debtor's motion states that all actions taken in

1  the case in Israel were a violation of the stay; however,

2  none of those actions were taken by Mr. Maidenbaum, the

3  individual Debtor states violated the stay.  Mr. Maidenbaum

4  was not a party to the proceeding that took place while the

5  stay was in effect.  Mr. Maidenbaum had an interest in the

6  property prior to the bank foreclosing on his lien in the

7  Israeli matter, but was otherwise unrelated to the action.

8  Mr. Maidenbaum did file a letter in the Israeli Court during

9  the time in which the stay was in place, but that letter

10  cannot be considered a collection effort by any standard.

11  At that time, Mr. Maidenbaum's interest in the property in

12  question was certain to be extinguished by the bank's

13  foreclosure on its lien.

14          This Court can only -- and this is an assumption on

15  this Court so I can't say anything about it, was an attempt

16  to get the Court to see through the Debtor's attempts to

17  thwart the sale.  Mr. Maidenbaum did not engage in any

18  collection efforts at all, the bank foreclosing upon the

19  lien did.  The Court need not address whether the stay is

20  recognized by the Israeli court.  Mr. Maidenbaum --

21  Mr. Maidenbaum never engaged in any collection efforts while

22  the stay was in place.

23          The Court denies the motion.

24          Mr. Berry, submit an order.  You are still on mute.

25  Take yourself off mute.  Take yourself off mute.

1          MR. BERRY:  I don't know why that's not working

2     today but I'm off mute now and we will submit an order.

3     Thank you.

4          THE COURT:  Thank you very much.  Now then, we're

5     on the convert to the 11; is that correct?

6          MR. BERRY:  That is correct.  I am gonna defer to

7     Mr. Brownstein to, um, state Mr. Maidenbaum's (inaudible)

8     pose -- I'm sorry to oppose this part of the proceedings

9     today.

10          THE COURT:  Well, it's Ms. Curley's motion, I

11     believe.

12          MR. BERRY:  That's right.

13          THE COURT:  Ms. Curley.

14          MS. CURLEY:  Thank you, your Honor.  Thank you,

15     your Honor.  Julie Curley, for the record, appearing for the

16     Debtor Aaron Fischman.

17          Your Honor, um, this was filed as a pro se

18     bankruptcy proceeding by the Debtor as a Chapter 13 case.

19     Um, as clearly evidenced by the schedules that were filed in

20     the case and proof of claims that have since been filed, the

21     Debtor's debts exceed the debt limits in a Chapter 13 such

22     that he's looking to convert the case to a Chapter 11

23     proceeding in which case my firm would seek to be retained

24     as Counsel to the Debtor.

25          The Debtor believes that a Chapter 11

1  reorganization would be in his best interest as well as the

2  estate as creditors and that they would provide a forum to

3  centralize the administration of the Debtor's assets and

4  payment to his creditors of -- Mr. Maidenbaum is not the

5  only creditor, there are other creditors.

6         In that regard, the Debtor submits that a Chapter

7  11, um, the case should be properly converted to a Chapter

8  11 so that he can proceed, um, and that the motion to

9  dismiss should be denied.

10        THE COURT:  And you did -- you did file the

11 schedules properly?

12        MS. CURLEY:  Yes, your Honor, the schedules I

13 believe were filed last week or the week before.

14        THE COURT:  Well, I'll extend the time to file

15 those schedules just to do a housekeeping.

16        MS. CURLEY:  Okay, thank you.

17        THE COURT:  Ms. Leonhard, do you wish to weigh in?

18        MS. LEONHARD:  Your Honor, yeah, Alicia Leonhard

19 for the U.S. Trustee for the record.  We're not taking a

20 position.  I frankly would look forward to learning more

21 about the case, a little more, you know, a little more

22 involvement in the case.  I'm not sure that Mr. Fischman can

23 reorganize, but --

24        THE COURT:  Is it -- I don't know that it was --

25 okay.  Mr.  -- Mr. Fischman.

1           MS. LEONHARD:  Yeah, we're talking about Aaron

2    Fischman convert the case to Chapter 11.

3           THE COURT:  This is Aaron -- okay, you're right,

4    I'm sorry.  I agree.  Mr. Brown (inaudible) --

5           MR. BROWNSTEIN:  Good morning, your Honor.

6           THE COURT:  (inaudible) -- the conversion,

7    correct?

8           MR. BROWNSTEIN:  Yes.  We made a motion to dismiss

9    the case, and previously we filed opposition to the

10   conversion.  I guess -- I don't want to deal in platitudes,

11   but we -- we've all -- we're all experienced bankruptcy

12   practitioners or judges.

13          From my perspective, you have to look, and you can

14   take judicial notice of this, Mr. Fischman has been

15   convicted of crimes, he has -- and he's agreed to that and

16   has paid the Attorney General a million dollars.  He was

17   accused and pleaded guilty to diverting funds from

18   investors, substantial millions of dollars, and he has been

19   litigating with Mr. Maidenbaum in the State Court for

20   approximately six or seven years.  And only on the eve of

21   when he was threatened by the State Court, of incarceration

22   if he didn't produce or appear for a deposition, did the

23   involuntary petition magically get filed.

24          Then, when that case was originally dismissed, um,

25   and the depositions and production of documents were

1  rescheduled in the State Court, Choshen landed up filing a

2  Chapter 11, and then they -- Mr. Fischman was severed and

3  there was no stay in effect then as to Mr. Fischman.  And

4  the hearing was rescheduled for him to appear.

5       The day before that hearing, I understand there was

6  a Teams meeting, and our papers reflect this, and at that

7  hearing, Mr. Fischman -- and at that Teams meeting,

8  Mr. Fischman said he was ready, willing and able to appear

9  at the deposition.  And then, magically, he filed another

10 Chapter -- he filed a Chapter 13 pro se which now is what

11 they want to convert to an 11.

12       To me, the Bankruptcy Code is supposed to protect

13 an honest debtor, and it's supposed to be used as a shield,

14 not a sword.  And he has done everything that he possibly

15 can to make it look like Mr. Maidenbaum is the bad guy here

16 when we're nothing but a victim who as you noted lost

17 millions of dollars here as a result of the fraud.  And I

18 think there is a -- a number of cases and a number off of

19 tenets that basically say that a case must be -- in order to

20 be confirmed, must be filed and confirmed in good faith, and

21 if there is bad faith, then there is a number of bases upon

22 which this Court should use its discretion to determine

23 whether the case should proceed or not proceed.

24       Now, this is a discretionary conversion.  It's not

25 an absolute, because it's not a conversion from a 13 to a 7.

1 | This is discretionary because it's a 13 to an 11.  And if
2 | you take judicial notice of the State Court proceedings
3 | which I think you can, and a decision is rendered by the
4 | State Court, and if you bear in mind, and I am happy to go
5 | through the 12 criteria that are mentioned in a number of
6 | the cases, including the Plegokis (phonetical) case, which
7 | talks --
8 |          THE COURT:  Did you file that when you filed your
9 | objection?
10 |          MR. BROWNSTEIN:  Yeah, your Honor, that's in the
11 | record.  It's in our briefs.
12 |          THE COURT:  Okay.
13 |          MR. BROWNSTEIN:  And it's everywhere.
14 |          THE COURT:  You don't have to go over it again if
15 | you have already done it.
16 |          MR. BROWNSTEIN:  All right.  And there are twelve
17 | bases upon which the Court looks at the totality of the
18 | circumstances and determine what's in -- to determine what's
19 | in the best interest of creditors, and a couple of them are
20 | -- glare out at me that make absolute sense.
21 |          This is effectively a two-party dispute.  He's --
22 | Mr. Fischman has invoked the stay here as a sword.  You will
23 | notice that in both cases, in both in Choshen which is
24 | not -- although the action for the motion to hold Maidenbaum
25 | in contempt in Choshen I think is on today although I'm not

1  sure, but the motion to dismiss Choshen is not on today at

2  the hearing.  He filed an action or a motion to hold us --

3  to hold Maidenbaum in contempt in both the Fischman case

4  which your Honor has denied, and -- and a motion to hold us

5  in contempt in Choshen, which hopefully your Honor will

6  deny.  And he's trying to use the stay in order to obviate

7  his need to produce the documents and subject himself to a

8  deposition that he should unequivocally be --

9           THE COURT:  (Inaudible) already there is no stay

10 in place.  I just ruled on that.

11          MR. BROWNSTEIN:  No, but there is -- they're

12 holding us in -- or trying to hold us in contempt in the

13 chosen case, and all I'm saying --

14          THE COURT:  We're not arguing the Choshen case.

15          MR. BROWNSTEIN:  I appreciate that.  But all I'm

16 saying is that one of the factors that you have to look at

17 in all twelve factors that are used looking at the totality

18 of circumstances is the fact that the Debtor here filed

19 motions in both cases to hold us in contempt.

20          THE COURT:  Okay.

21          MR. BROWNSTEIN:  And he's trying to manipulate and

22 abuse the bankruptcy process.  Why?  Because he wants to

23 hide the money that we're getting close to obtaining, or

24 finding out where it is.  That's all.

25          THE COURT:  Ms. Curley, any rebuttal?

1      MS. CURLEY:  Thank you, your Honor.  Um, again,

2  the Debtor filed the case in an attempt to centralize all of

3  the disputes, um, between his creditors.  The prior case was

4  an involuntary.  He filed this current case as a pro se

5  Debtor.  And now for the first time, the Debtor has counsel

6  representing him individually in this, and, um, I'd like to

7  think that he at least should be given the opportunity to

8  attempt to use the bankruptcy process to reorganize his

9  financial affairs.

10      As your Honor can sense from the courtroom, there

11  is a lot of moving parts, and if nothing else, bankruptcy is

12  a great location to centralize disputes to come to a

13  resolution so that there is not another six or seven years

14  of litigation.

15      I honestly think that, um, this forum would make a

16  very productive, um, place for the parties to move these

17  matters towards a resolution one way or another.  And the

18  Debtor at least now that he has Counsel should be given the

19  opportunity to do that, and I would respectfully request

20  that the motion be denied, and um, certainly without

21  prejudice so that if the progress that I hope to make on

22  behalf of the Debtor is not made, then certainly any

23  creditor of a party in interest can proceed and file a

24  motion to dismiss.

25      THE COURT:  I can take judicial notice of all the

1  action that has been taken in the past, and I am going to

2  dis -- do I have a motion to dismiss on, Mr. Brownstein?

3  Did you bring a motion to --

4            MR. BROWNSTEIN:  Yes, your Honor, you do.

5            THE COURT:  I'm going to grant your motion.

6            MR. BROWNSTEIN:  Thank you, your Honor.

7            THE COURT:  And thank you, Mr. Jose, for being

8  here.  We will now proceed with the regular calendar.

9            MR. JOSE:  Thank you.

10            THE COURT:  Thank you.

11            (Proceedings concluded 9:33 a.m.)

12

13         C E R T I F I C A T I O N

14

15  I, Laurie A. Pellitteri, certify that the foregoing

16  transcript of proceedings is a true and accurate record of

17  the proceedings.

18

19  Signature: *Laurie A. Pellitteri*  (Electronically signed.)

20  AMERICAN LEGAL TRANSCRIPTION

21  11 Market Street, Suite 215

22  Poughkeepsie, New York 12601

23  Dated:  November 22, 2023

24

25