PENACHIO MALARA LLP
Proposed Counsel for the Debtor
245 Main Street, Ste 450
White Plains, NY 10601
(914) 946-2889

By: Anne Penachio, Esq.


UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
In re:                                                                    CHAPETR 11

AARON FISCHMAN,                                                           Sub Chapter V

                                                                          Case No.: 23-36038 (CGM)

                             Debtor,
-----------------------------------------------------------------------X


YOEL WEISSHAUS,
                             Plaintiff,                                   ADV. PRO. NO.:

   -against-                                                              23-09024 (CGM)

JONATHAN A. STEIN, and SHALOM MAIDENBAUM
in his individual and official capacity on behalf of
CARDIS ENTERPRISES INTERNATIONAL B.V. and
CARDIS ENTERPRISES INTERNATIONAL N.V. and
CARDIS ENTERPRISES INTERNATIONAL (USA), INC.,
and AARON FISCHMAN,

                             Defendants
-----------------------------------------------------------------------X

**DECLARATION OF AARON FISCHMAN IN REPLY TO THE OPPOSITON OF SHALOM MAIDENBAUM AND RUSHMORE TO HIS REQUEST FOR A PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER STAYING COLLECTION ACTIONS BY AND ON BEHALF OF DEFENDANTS AND/OR THEIR SUCCESORS, AGENTS AND ASSIGNS; IMPOSING THE**

1

**AUTOMATIC STAY UNDER 11 U.S.C. § 362(c)(4) AND GRANTING SUCH OTHER AND FURTHER RELIEF AS MAY BE JUST AND IN FURTHER SUPPORT OF SAME**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

Aaron Fischman, the Debtor in this Chapter 11 Case and a Defendant in the Adversary Proceeding, hereby declares under penalties of perjury, as follows:

1. I am the debtor in this voluntary Chapter 11 case and a defendant in the above-captioned adversary proceeding (the "Adversary Proceeding"). I submit this Declaration in further support of (1) a preliminary injunction and temporary restraining order ("TRO") staying collection actions by and or behalf of Jonathan A. Stein ("Stein") and Shalom Maidenbaum ("Maidenbaum") in his individual and official capacity on behalf of Cardis Enterprises International B.V., Cardis Enterprises International N.V. and Cardis Enterprises International (USA), Inc. (the "Cardis Entities"), (2) imposition of the automatic under 11 U.S.C. § 362(c)(4); and (3) granting such other and further relief as much be just and proper. And in further support of an extension of the stay under 11 U.S.C. § 362 (c) (4).

2. I have personal knowledge of the facts set forth herein unless otherwise noted. My attorney assisted me in drafting this document.

3. First and foremost, my assets are sufficient to fund a plan. Since my previous filing, Ultimax, has cleared the initial comments for a public offering with the SEC. Based upon this development, I believe that my employee stock options will be more than sufficient to funda plan to creditors.

4. In addition to the options, my family apartment in Isreal has more than enough equity to provide a significant distribution to creditors. Although it has been asserted by Maidenbaum that the apartment has been sold, my family attorney in Isreal has assured me that this is not the case. The sale has not been consummated. Everything is frozen because of the War.

2

See Exhibit A. Although a forced sale was pending, it has been challenged and no cash has been distributed. I believe that the property is worth in excess of $4 million.

5. My wife's Merrill Lynch account which has been restrained by Maidenbaum for the past 2 ½ years, is also available if needed. It has about $2 million in it. As is a home that she owns in Long Island which may have over $1 million in equity.

6. In addition, my wife and I own a property in Sullivan County (the "Sullivan Co. Property'). The Sullivan Co. Property is owned jointly. Maidenbaum allegedly purchased my interest for little or no consideration at a Sheriff's sale. Apparently, he asked my wife for the key so that he can access it and thereby harass my family.

7. It is the best interests of all parties – my creditors, my bankruptcy estate and my family – for a stay to be implicated. A stay will prevent a "race to the Courthouse" and promote the equitable distribution of my assets to creditors with valid claims through a plan. I am committed to meeting Court deadlines and cooperating with the Trustee and interested parties.

8. Should the Court be reluctant to grant a comprehensive stay, I would ask for a stay against Maidenbaum for a reasonable period of time to permit me to propose a plan which would provide for payment to creditors. Such plan would contain a "plan injunction."

8. Second, I filed my previous case in good faith. The order dismissing my prior case states that it was dismissed "with prejudice." There is no finding that I can recall that I acted in bad faith with respect to my personal filing. With respect to the corporate filing, Chosen Isreal, I acted on advice of counsel.

9. The allegations that I filed for Chapter 11 to avoid a deposition in a case before Judge Couzens are incorrect. I submitted to a 341 meeting in this case. I have cooperated with the Sub V Trustee and US Trustee. I have difficulty dealing with Maidenbaum – He has terrorized

3

me and my family. He veritably stole my Sullivan Co. Property, seizing title for no value. He asked wife for the keys so he can have full use of the premises and harass her. Maidenbaum has improperly restrained my wife's Merrill Account for over years (Even Merrill Lynch has conceded that the continued restraint is improper). Maidenbaum has insinuated that he will undermine Ultimax in its quest to become public. He is determined to destroy me and my family and my friends.

10. I have challenged the validity of Maidenbaum's Confessions of Judgment and the Judgments. I am awaiting a finding by the State Court. I am confident that the claims will be stricken. Pending that determination, I seek only to preserve the status quo and my assets for the benefit of all creditors.

11. My goal is to move forward and deal with Maidenbaum and my other creditors in a single forum and in an orderly manner.

12. With respect to Rushmore, I respectfully request that the Stay remain in effect as there is well in excess of $1 million in equity. Rushmore is owed less than $300,000.00 and the property is worth well over $1.5 million. Rushmore is not at risk for any loss.

13. I was unable to pay Rushmore because I was addressing Maidenbaum's litigation.

14. It is noteworthy that the dismissal "with prejudice" of my prior case only precluded the stay from being in effect – It does not preclude me from seeking a stay or a plan injunction.

15. In this case, it makes sense for the stay to be imposed as to Rushmore particularly given the extent of my assets, my Ultimax options, the Ultimax offering, and my commitment to meeting my obligations in this case.

16. I want to do the right thing and deal with my creditors in an orderly manner through a Chapter 11 plan (which I have drafted with my counsel and circulated).

WHEREFORE, I respectfully request that this Court grant the relief requested herein.

Dated: February 2, 2024

*/s/ Aaron Fischman*

_____

Aaron Fischman